Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| CLUB NÁUTICO DE VEGA BAJA, INC.<br><br>Recurrido<br><br>V.<br><br>HAVANA CORPORATION; LUIS ALBERTO VELOZ LOZADA; Y OTROS<br><br>Peticionarios | KLCE202301367 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2020CV00417 (403)<br><br>Sobre: Inhibición |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 8 de enero de 2024.

-I-

Comparecen ante nos Havana Corporation y Luis Alberto Veloz Lozada (peticionarios) mediante el recurso de *certiorari* de epígrafe. Nos peticionan la revisión y revocación de dos dictámenes emitidos por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), siendo estas una *Resolución* dictada el 6 de noviembre de 2023 por el juez Eduardo Rebollo Casalduc (juez Rebollo Casalduc),[1] y una *Orden enmendada* emitida y notificada el 14 de noviembre de 2023 por la jueza Sarah Y. Rosado Morales (jueza Rosado Morales).[2] Mediante la *Resolución* del 6 de noviembre de 2023, el juez Rebollo Casalduc declaró No Ha Lugar a la solicitud de inhibición de la jueza Rosado Morales instada por los peticionarios. Por otro lado, en virtud de la *Orden enmendada* del 14

---

[1] *Apéndice de Petición de Certiorari*, Anejo 14, págs. 68-72. Archivada y notificada en autos el 7 de noviembre de 2023.
[2] *Íd.*, Anejo 15, pág. 73.

de noviembre de 2023, la jueza Rosado Morales le impuso a la parte demandada, aquí peticionaria, unas sanciones monetarias y le apercibió que el caso estaba señalado para el 17 de noviembre de 2023, que los procedimientos no estaban paralizados y que una incomparecencia adicional podría conllevar más sanciones económicas y/o la eliminación de las alegaciones.

Como cuestión de umbral, conforme a lo dispuesto en la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5) prescindimos de la comparecencia del Club Náutico de Vega Baja, Inc. (Club Náutico o recurrido), en aras de promover el más justo y eficiente despacho del asunto ante nos. *Íd.*

Por los fundamentos que se exponen a continuación denegamos en cuanto a la solicitud de inhibición de la Jueza Rosado Morales y expedimos el auto en cuanto a la *Orden enmendada.* Veamos los hechos procesales atinentes a este recurso.

-II-

El caso ante nuestra consideración dimanó el 28 de enero de 2020 cuando el Club Náutico incoó una *Demanda* sobre nulidad de contrato, desahucio, enriquecimiento injusto, daños y perjuicios y sentencia declaratoria contra Havana Corporation, Luis Alberto Veloz Lozada, Jane Doe y la Sociedad Legal de Bienes Gananciales compuesta por ambos; Manuel E. Rivera Santos; Armando Feliciano Benítez, Janie Doe y la Sociedad Legal de Bienes Gananciales; Seguro ABC; John Doe.[3]

Luego de varios trámites procesales, el 11 de octubre de 2022, los aquí peticionarios presentaron una solicitud de sentencia sumaria.[4] Posterior a varias mociones de réplica y oposición de varias partes, el 7 de agosto de 2023, el TPI emitió una *Resolución*

---

[3] Tomamos conocimiento judicial del expediente digital del caso BY2020CV00417 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 1, págs. 1-9.
[4] Entrada Núm. 112 en SUMAC, págs. 1-23.

en la que declaró No Ha Lugar a la solicitud de sentencia sumaria.[5] Inconforme, el 13 de agosto de 2023, los peticionarios interpusieron una moción de reconsideración,[6] sobre la cual, el 14 de agosto de 2023, el TPI se pronunció No Ha Lugar.[7]

El 15 de agosto de 2023, los aquí peticionarios radicaron una moción en la cual expresaron que tenían la intención de traer al señor Jorge Otero, quien fue ex comodoro y ex secretario del Club Náutico, como testigo de impugnación del testimonio anunciado de un tercero-demandado, el señor Rubén González. Arguyeron que no anunciaron al señor Jorge Otero como testigo del caso dado que en febrero del 2022 sufrió un derrame cerebral y, posteriormente, fue sometido a varias cirugías por problemas cervicales.[8] Manifestaron que el señor Jorge Otero no tenía fuerza ni movilidad para acudir al TPI presencialmente y ofrecer su testimonio y que estaría recluido en un centro geriátrico por cinco (5) o seis (6) meses adicionales. Por ello, solicitaron la posposición del juicio en su fondo.

El 16 de agosto de 2023, el TPI emitió una *Resolución* en la que declaró No Ha Lugar a la presentación del testimonio del señor Jorge Otero, toda vez que no se trataba de un testimonio de impugnación, sino prueba sustantiva para rebatir la deposición del señor Rubén González y que los peticionarios tuvieron amplia oportunidad de comunicarlo para que las demás partes pudieran descubrir prueba al respecto.[9] Por otro lado, dado que los aquí peticionarios informaron su intención de recurrir en *certiorari* ante la denegatoria de la solicitud de sentencia sumaria, el TPI estableció que la fecha de señalamiento de inicio del juicio pautada para el 21

---

[5] Entrada Núm. 142 en SUMAC, págs. 1-8. Archivada y notificada en autos el 9 de agosto de 2023.
[6] Entrada Núm. 144 en SUMAC.
[7] Entrada Núm. 145 en SUMAC. Archivada y notificada el 15 de agosto de 2023.
[8] Entrada Núm. 146 en SUMAC, págs. 1-7.
[9] *Apéndice de Petición de Certiorari*, Anejo 1. Archivada y notificada en autos el 17 de agosto de 2023.

de agosto de 2023 quedó sin efecto y que se convertía en conferencia sobre el estado de los procedimientos.

Surge de la *Minuta resolución* de la antes mencionada conferencia que el Club Náutico informó que, dado que en ese momento no se había radicado el *certiorari* ante esta Curia, se debía continuar con el juicio, considerando que era un caso instado hacía más de tres (3) años.[10] El TPI reseñaló el juicio en su fondo para los días 25-28 de marzo de 2024 y 1 de abril de 2024.

El 6 de septiembre de 2023, los aquí peticionarios informaron al TPI que radicaron un recurso de *certiorari*, a la que se le asignó el alfanumérico KLCE202300979. El mismo día, el TPI emitió una *Orden* en la que reseñaló el juicio en su fondo para los días 1 al 3, 14 y 17 de noviembre de 2023.[11]

Así las cosas, el 11 de octubre de 2023, los aquí peticionarios presentaron una moción en la que informaron que el 9 de octubre de 2023 falleció el padre de la licenciada Anabel Jaime Concepción, una de las abogadas de la parte y compañera sentimental del aquí compareciente, Luis Alberto Veloz Lozada.[12] Alegaron que, a raíz de esto, la licenciada Jaime Concepción y el señor Veloz Lozada debían viajar a Estados Unidos para atender asuntos relacionados a los bienes del fallecido. El licenciado Alex M. Rivera Longchamps indicó que, a pesar de que él representó a los aquí peticionarios en la totalidad del litigio, el fallecimiento del padre de la licenciada Jaime Concepción imposibilitaba una preparación adecuada para el juicio en el mes de noviembre, por lo que solicitó revertir la celebración del juicio para marzo de 2024 y que se paralizaran los procesos ante el TPI, en lo que esta Curia atendía el recurso KLCE202300979.

---

[10] *Íd.*, Anejo 2, págs. 2-7.
[11] *Íd.*, Anejo 3. Archivada y notificada en autos el 7 de septiembre de 2023.
[12] *Íd.*, Anejo 4, págs. 9-12.

El 12 de octubre de 2023, el TPI determinó que, a pesar de lamentar lo informado, se proveía No Ha Lugar a la suspensión solicitada.[13] El TPI recordó que el reseñalamiento de las fechas de juicio respondió a que se solicitó de desocuparse algunas de las fechas del calendario del Tribunal.

Posteriormente, el 19 de octubre de 2023, este Tribunal emitió una *Sentencia* que, en lo pertinente al testimonio de Jorge Otero, entendimos que debía permitirse su inclusión debido a que las partes contaban con suficiente tiempo para descubrir prueba, de celebrarse el juicio en marzo de 2024.[14]

El 26 de octubre de 2023, el TPI emitió una *Orden* para que el juicio en noviembre de 2023 se ventile en una sala inteligente.[15] En desacuerdo, los aquí peticionarios adujeron que esta Curia apelativa consideró que la fecha del juicio estaría pautada por el 25 de marzo de 2024 y que tenían derecho a presentar el testimonio del señor Jorge Otero, por lo que solicitaron dejar sin efecto el señalamiento de noviembre de 2023.[16] En respuesta, el 28 de octubre de 2023, el TPI declaró No Ha Lugar al petitorio de los aquí peticionarios y recordó que este Tribunal apelativo denegó el auxilio de jurisdicción a los efectos de la fecha del juicio en el caso de marras.[17]

Por esto, el 31 de octubre de 2023, los aquí peticionarios solicitaron la inhibición de la jueza Rosado Morales. En síntesis, adujeron que la *intransigencia* de la jueza Rosado Morales en posponer la fecha del juicio era una *conducta prejuiciada y parcializada en su contra*, en violación a la Regla 63.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.1.[18] Añadieron que la

---

[13] *Íd.*, Anejo 5, págs. 1-2. Archivada y notificada en autos el 13 de octubre de 2023.
[14] *Íd.*, Anejo 7, págs. 34-48.
[15] *Íd.*, Anejo 8, págs. 49-51. Archivada y notificada en autos el 26 de octubre de 2023.
[16] *Íd.*, Anejo 9, págs. 52-54.
[17] *Íd.*, Anejo 10, págs. 55-56. Archivada y notificada en autos el 30 de octubre de 2023.
[18] *Íd.*, Anejo 11, págs. 57-64.

referida Jueza mostró una conducta arbitraria, en contravención a lo que resolvió esta Curia apelativa. Esto, por no considerar el fallecimiento del padre de la licenciada Jaime Concepción y adelantar el juicio para noviembre de 2023. El mismo día, la jueza Rosado Morales refirió el asunto a la Jueza Administradora del TPI y dejó sin efecto el juicio pautado para noviembre de 2023.[19] En igual fecha, la Jueza Administradora le refirió el asunto al juez Rebollo Casalduc.[20]

Club Náutico aseveró que no se debía inhibir a la jueza Rosado Morales por ser solicitada dicha recusación inmeritoriamente y porque desde el año 2020 está en la búsqueda de un remedio.[21] Esgrimió que las acciones de la representación legal de los aquí peticionarios constituyen una práctica *poco honrosa* que conllevan el retraso del tiempo para conseguir un remedio. En relación con la licenciada Jaime Concepción, quien entró al pleito como representante legal el día 3 de agosto de 2023, el recurrido arguyó que debía ser inhibida si su situación familiar le impedía ofrecer una adecuada representación legal a su cliente.

Así las cosas, el 6 de noviembre de 2023, el juez Rebollo Casalduc dictó una *Resolución* en la que proveyó No Ha Lugar a la solicitud de inhibición de la jueza Rosado Morales.[22] En esencia, el juez Rebollo Casalduc razonó que los aquí peticionarios no adujeron motivos extrajudiciales que conllevaran la parcialidad de la jueza Rosado Morales, y que la Jueza no rechazó la inclusión del señor Jorge Otero tras la *Resolución* de este Tribunal en el caso KLCE202300979. El juez Rebollo Casalduc sostuvo que del expediente no surge que el fallecimiento del padre de la licenciada

---

[19] *Íd.*, Anejo 12, pág. 66.
[20] *Íd.*, Anejo 13, pág. 67. Archivado y notificado en autos el 1 de noviembre de 2023.
[21] Entrada Núm. 177 en SUMAC, págs. 1-3.
[22] *Apéndice de Petición de Certiorari,* Anejo 14, págs. 68-72. Archivada y notificada en autos el 17 de agosto de 2023.

Jaime Concepción haya imposibilitado una preparación adecuada para el juicio. Por otro lado, manifestó que los aquí peticionarios no cumplieron con la Regla 63 de Procedimiento Civil, *supra*, R. 63. Concluyó que ¨[e]l hecho que la Hon. Jueza Rosado Morales haya conducido los procedimientos de una forma diligente en un caso que data del año 2020, como espera la ciudadanía de Puerto Rico, no la incapacita o demuestra prejuicio o parcialidad en este proceso hacia cualquiera de las partes o sus abogados".

El 14 de noviembre de 2023, la jueza Rosado Morales emitió una *Orden enmendada* en la que, luego de consignar que el caso fue llamado para inicio del juicio en dicha fecha sin que la parte aquí recurrente hubiera comparecido ni se hubiese excusado mientras las demás partes comparecieron debidamente preparadas con sus respectivas representaciones legales, impuso una sanción que suma seiscientos dólares ($600.00), a razón de trescientos dólares ($300.00) para los demandantes y los terceros-demandados respectivamente, así como la cancelación de cuarenta dólares ($40.00) por el arancel de suspensión.[23] Además, les apercibió a los aquí peticionarios que el caso se señaló para el 17 de noviembre de 2023 y que los procedimientos no estaban paralizados. Por último, advirtió que otra incomparecencia podría conllevar sanciones económicas ulteriores y/o la eliminación de las alegaciones.

Inconformes, los peticionarios acuden ante este foro mediante el presente auto de *certiorari* en el que le imputan al TPI la comisión de los siguientes dos (2) errores:

> **PRIMER ERROR:** EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA COMETÍ[Ó] GRAVE ERROR DE DERECHO EN DECLARAR SIN LUGAR LA SOLICITUD DE INHIBICI[Ó]N DE LA HON. JUEZA ROSADO MORALES Y/O RECONSIDERAR MOTU PROPRIO MEDIANTE LA RESOLUCI[Ó]N DEL HON. JUEZ REBOLLO CASALDUC LA INHIBICI[Ó]N/ RECUSACI[Ó]N YA EFECTUADA EL 31 DE OCTUBRE DE 2023.

---

[23] *Íd.*, Anejo 16, pág. 74. Archivada y notificada en autos el 14 de noviembre de 2023.

**SEGUNDO ERROR:** EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA COMETI[Ó] GRAVE ERROR DE DERECHO EN SANCIONAR LA ALEGADA INCOMPARECENCIA DE LAS PARTES AQUÍ RECURRENTES A PESAR DE QUE CONFORME A LA RESOLUCI[Ó] DEL 31 DE OCTUBRE DE 2023, LA CELEBRACI[Ó]N DEL JUICIO HAB[Í]A SIDO EFECTIVAMENTE SUSPENDIDA.

En vista de los errores imputados, exponemos las normas jurídicas atinentes a este recurso.

-III-

-A-

El *certiorari* es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *McNeil Healthcare v. Mun. Las Piedras I,* 206 DPR 391 (2021); *800 Ponce de León v. AIG,* 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83 (2008). En los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I, supra; Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019). La mencionada Regla dispone que sólo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo". *800 Ponce de León v. AIJ, supra.* Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

-B-

Los términos inhibición o recusación de un juez significa "apartar a un juez de una causa judicial en la que se anticipa que vaya a intervenir o en la que ha intervenido". S. Steidel Figueroa, *Ética para juristas: Ética Judicial y Responsabilidad Disciplinaria*, 1ra ed., San Juan: Ediciones Situm, 2019, pág. 205. La inhibición se ha utilizado para referirse al auto apartamiento del juez en atender una controversia y la recusación para la exclusión forzada. *Íd.* 206.

La Regla 63 de Procedimiento Civil rige el marco procesal y sustantivo concerniente a la inhibición o recusación de los jueces y de las juezas. *Íd.* 207. En particular, la Regla 63.1 de Procedimiento Civil, *supra*, R. 63.1, dispone las eventualidades en las que se debería inhibir a un juez, *motu proprio* o por la recusación de una parte, siendo estas:

(a) por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito, o por haber prejuzgado el caso;

(b) por tener interés personal o económico en el resultado del caso;

(c) por existir un parentesco de consanguinidad o afinidad dentro del cuarto grado con el o la fiscal, procurador o procuradora de asuntos de familia, defensor o defensora judicial, procurador o procuradora de menores o cualquiera de las partes o sus representantes legales en un procedimiento civil;

(d) por existir una relación de amistad de tal naturaleza entre el juez y cualquiera de las partes, sus abogados, testigos u

otra persona involucrada en el pleito que pueda frustrar los fines de la justicia;

(e) por haber sido abogado o abogada, o asesor o asesora de cualquiera de las partes o de sus abogados o abogadas en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración;

(f) por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrado o magistrada a los fines de expedir una orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal;

(g) por intervenir en el procedimiento una persona natural o jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales;

(h) cuando en calidad de funcionario o funcionaria que desempeña un empleo público, haya participado como abogado o abogada, asesor o asesora, o testigo esencial del caso en controversia;

(i) cuando uno de los abogados o de las abogadas de las partes sea abogado o abogada de los jueces o juezas que han de resolver la controversia ante su consideración, o lo haya sido durante los últimos tres años, o

(j) por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.

Iguales deberes éticos exige el Canon 20 de Ética Judicial, 4 LPRA Ap. IV-B. En lo pertinente, enuncia lo siguiente:

Las juezas y los jueces entenderán y adjudicarán los asuntos que se les asignen, salvo aquellos en los que la ley requiera su inhibición y en cualesquiera de los casos siguientes, pero sin limitarse a éstos:

(a) por tener prejuicio o parcialidad hacia cualquiera de las personas, las abogadas o los abogados que intervengan en el pleito o por haber prejuzgado el caso;

El Tribunal Supremo ha establecido que "[p]ara que proceda la inhibición de un juez no es imprescindible probar que existe prejuicio o parcialidad de hecho, sino que basta con la apariencia de parcialidad o prejuicio". *Lind v. Cruz*, 160 DPR 485, 492 (2003), *citando a Pueblo v. Martés Olán*, 103 DPR 351, 355 (1975). Esto, para que la ciudadanía crea en la justicia. *Íd*. Ahora bien, la imputación de prejuicio o parcialidad "debe cimentarse en cuestiones personales serias, no triviales ni judiciales; es decir, una actitud originada extrajudicialmente en situaciones que revisten

sustancialidad". *Mun. de Carolina v. CH Properties*, 200 DPR 701, 712 (2018); *Ruiz v. Pepsico PR, Inc.*, 148 DPR 586, 588 (1999). Además, la imputación de parcialidad puede suscitarse cuando el juez prejuzgó la controversia en los méritos. *In re Campoamor Redín*, 150 DPR 138, 150 (2000). Por otro lado, el señalamiento de pasión, prejuicio o parcialidad debe acompañarse con evidencia suficiente, dado que no puede servir como un instrumento para presionar al Tribunal de Primera Instancia. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 777 (2013). Para determinar esto, se requiere evaluar la totalidad de las circunstancias. *Íd.* Por último, el mero hecho de que las acciones de un juez generen incomodidad personal en una persona litigante no es fundamento para que se inhiba un juez. *Ruiz v. Pepsico PR, Inc., supra*, pág. 588.

Por otro lado, la Regla 63.2 de Procedimiento Civil *supra*, R. 63.2, establece el trámite procesal para la inhibición de un juez. Esto es:

> (a) Toda solicitud de recusación será jurada y se presentará ante el juez recusado o jueza recusada dentro de veinte (20) días desde que la parte solicitante conozca de la causa de la recusación. La solicitud incluirá los hechos específicos en los cuales se fundamenta y la prueba documental y declaraciones juradas en apoyo a la solicitud. Cuando la parte promovente de la recusación no cumpla con las formalidades antes señaladas, el juez o la jueza podrá continuar con los procedimientos del caso.

> (b) Una vez presentada la solicitud de recusación, si el juez recusado o la jueza recusada concluye que procede su inhibición, hará constar mediante resolución escrita el inciso aplicable de la Regla 63.1 (a) a (i) en su defecto, la razón específica para su inhibición bajo el inciso (j) y la notificará a todas las partes. El caso se asignará a otro juez o jueza.

> **(c) Si el juez o la jueza concluye que no procede su inhibición, se abstendrá de continuar actuando en su capacidad de juez o jueza en el caso y remitirá los autos de éste al juez administrador o a la jueza administradora para la designación de un juez o una jueza que resuelva la solicitud de recusación. La recusación se resolverá dentro del término de treinta (30) días de quedar sometida.**

> (d) Una vez un juez o una jueza haya comenzado a intervenir en un caso, no podrán unirse al caso los abogados o las abogadas cuya intervención pueda producir su recusación.

-IV-

En el caso de epígrafe nos topamos ante una controversia susceptible de revisión mediante *certiorari,* de conformidad con la Regla 52.1 de Procedimiento Civil, *supra,* R. 52.1, dado que se recurrió de dos (2) dictámenes interlocutorios emitidos por el TPI.

Establecido esto, procedemos a analizar los errores señalados por los peticionarios. Estos sostuvieron que, en virtud de la *Orden* emitida el 31 de octubre de 2023 por la jueza Rosado Morales, esta se inhibió y suspendió la celebración del juicio. Por ello, plantearon como primer error que incidió el juez Rebollo Casalduc en reconsiderar la inhibición ya realizada por la jueza Rosado Morales. Como segundo error, señalaron que incidió la jueza Rosado Morales en sancionar su incomparecencia al juicio, dado que el mismo había sido suspendido.

De un análisis sosegado del expediente del caso de marras, no encontramos elemento alguno que amerite nuestra intervención con la determinación del TPI de rechazar la recusación de la jueza Rosado Morales. En primer lugar, hacemos notar que la *Orden* emitida el 31 de octubre de 2023 por la jueza Rosado Morales no es un dictamen de inhibición, sino de remitir los autos a la Jueza Administradora Regional de conformidad con lo dispuesto en la Regla 63.2(c) de Procedimiento Civil, *supra,* R.63.2(c). Por otra parte, tras un ponderado estudio del tracto procesal, las determinaciones del TPI y la totalidad de las circunstancias, no atisbamos eventualidad alguna que nos lleve a entrever prejuicio o parcialidad de la jueza Rosado Morales. A saber, los peticionarios no mostraron evidencia suficiente ni simple indicativas de prejuicio o parcialidad por parte de la jueza Rosado Morales.  Por otro lado, la imputación de imparcialidad de la jueza Rosado Morales no se debió a que prejuzgó la controversia en sus méritos.

De otra parte, en cuanto al segundo señalamiento de error, que imputa error al TPI por sancionar a la parte peticionaria por no haber comparecido al señalamiento de juicio, pues según sostiene, la celebración del mismo había sido suspendida conforme a los términos de la Resolución de 31 de octubre de 2023, debemos señalar, que en efecto, en dicha determinación expresamente se consignó *que quedaba sin efecto el inicio del juicio que estaba pautado del 1 al 3 de noviembre de 2023*. No obstante lo anterior, surge del expediente que el 6 de septiembre de 2023 el TPI había ordenado lo siguiente: "se reseñala el juicio en su fondo para los días 1 al 3, 14 y 17 de noviembre de 2023, a las 9:30 a.m., de forma presencial en la Sala 502 del Centro Judicial de Bayamón."[24] Considerado el expediente, coincidimos con los peticionarios en que en la Resolución de 6 de noviembre de 2023, en la que se determinó la improcedencia de la recusación de la Jueza Rosado Morales, nada se expresó en cuanto a la reanudación de los procedimientos o la reactivación de los señalamientos previamente pautados. No nos parece razonable concluir que al 31 de octubre de 2023 dejarse *sin efecto el inicio del juicio que estaba pautado del 1 al 3 de noviembre de 2023*, ello mantuviera vigente los señalamientos del 14 y 17 de noviembre de 2023, pues después de todo, se trata de señalamientos de un mismo juicio y no de procedimientos distintos.

Así las cosas, en virtud de la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1 y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, no procede la expedición del recurso de *certiorari* en cuanto a la denegatoria de la recusación de la Jueza Rosado Morales. Sin embargo, y por las razones expuestas, consideramos improcedente la determinación consignada en la

---

[24] Entrada 154 en el expediente electrónico de SUMAC.

Orden Enmendada de 14 de noviembre de 2023, por lo que expedimos el auto y revocamos dicha determinación.

-V-

Por las razones antes expresadas, expedimos el auto únicamente a los efectos de revocar la Orden Enmendada de 14 de noviembre de 2023.

Se devuelve el caso para que el TPI continúe con los procedimientos de conformidad con lo aquí dispuesto, sin necesidad de aguardar por nuestro mandato.

Lo acordó el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

                    Lcda. Lilia M. Oquendo Solís
                Secretaria del Tribunal de Apelaciones