ELIZABETH RUIZ RIVERA ET ALS., demandantes recurrentes, *v.*
PEPSICO DE PUERTO RICO, INC. ET ALS., demandados
recurridos.

*Número:* CC-97-665         *Resuelto:* 16 de junio de 1999

*Iván A. Ramos* de *Ramos & Ramos-Cámara*, abogado de la parte peticionaria; *Amancio Arias Guardiola*, de *Arias Cestero & Arias Guardiola*, abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

## I

El 12 de mayo de 1997, Iván A. Ramos, coabogado de las demandantes Elizabeth Ruiz Rivera *et al.* en un caso de daños y perjuicios, al amparo de la Regla 63.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, solicitó bajo juramento la inhibición de la Juez Superior del Tribunal de Primera Instancia, Sala de San Juan, Hon. Amneris Martínez de Cuevas.

Originalmente, la demanda la suscribió el 20 de diciembre de 1996 la Lcda. Judith Soler Bechara, de la firma Ramos & Ramos-Cámara, quien hasta ese momento estuvo a cargo de todos los trámites judiciales.

Antes de esa solicitud, la Juez Martínez de Cuevas concedió una prórroga a los demandantes, dictó Sentencia Parcial de Desistimiento en cuanto a un codemandado, y resolvió a su favor un incidente sobre descubrimiento de prueba.

El licenciado Ramos adujo que estaría a cargo de litigar el caso en sus méritos y basó su pedido en que la Juez Martínez de Cuevas *conoció de su activa* y exitosa participación en contra de su renominación y confirmación como juez,[1] por lo que era "más saludable a los fines de la administración de la justicia" que se inhibiera. Adujo sentirse *personalmente incómodo* de postular ante ella.

---

[1] En dicha ocasión la Juez Martínez de Cuevas no fue renominada al cargo.

Referida la moción a la Juez Superior, Hon. Sonia I. Vélez Colón, previa vista, negó la inhibición. A su juicio, no existía apariencia de parcialidad y conducta tendente a minar la confianza pública en el sistema de justicia. El Tribunal de Circuito de Apelaciones (Hons. Ramos Buonomo, González Román y Córdova Arone) *confirmó*. Sostuvo que la incomodidad personal del licenciado Ramos no justificaba la inhibición. A su solicitud, revisamos[2] vía *certiorari*[3].

## II

■ La Regla 63.1(e) de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece que de existir "cualquier ... causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia", el juez debe inhibirse de actuar en el pleito o procedimiento.[4]

■ Sabido es que la imputación de parcialidad o prejuicio, como punta de lanza para obtener la inhibición o recusación de un juez, debe cimentarse *en cuestiones personales serias, no triviales ni judiciales*; es decir, una actitud originada extrajudicialmente en situaciones que revistan sustancialidad. *Pueblo v. Maldonado Dipiní*, 96 D.P.R.

---

[2] Como único señalamiento de error, el licenciado Ramos discute lo siguiente: "Erró el Tribunal de Circuito de Apelaciones al decidir que los hechos bajo los cuales se plantea y se solicita la inhibición es un asunto judicial y no un asunto personal." Solicitud de *certiorari*, pág. 4.

[3] El 23 de enero de 1998 el licenciado Ramos presentó una moción en auxilio de jurisdicción. El 30 de enero expedimos el *certiorari* y se paralizaron los procedimientos en instancia.

[4] Cónsono con dicho mandato, el Canon 1 del Código de Ética Judicial, 4 L.P.R.A. Ap. IV-A, exige a los tribunales mantener "a los más altos niveles", la fe del pueblo en la justicia, valor esencial de la democracia. Subraya que "[e]n el ejercicio de su delicada función, aquéllos llamados a impartir justicia, conscientes de la posición que ocupan en la sociedad y de la trascendencia de su misión, deben velar por que sus actuaciones respondan a normas de conducta que honren la integridad e independencia de su ministerio y estimulen el respeto y la confianza en la judicatura".

897 (1969). *Su existencia ha de determinarse a la luz de la totalidad de las circunstancias, desde la perspectiva de la mítica figura del "buen padre de familia"*. J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1988, Vol. II, Cap. X, págs. 428–429. Se tutela, además, un interés de trascendental importancia en nuestros días: la confianza del pueblo en los tribunales como los llamados a impartir justicia.

## III

La presente situación es novel: un abogado comparece a postular ante un juez, contra quien abogó activamente para que *no se renombrara al cargo*. Evaluado el pedido en su justa perspectiva, concluimos que no procede la inhibición. Elaboremos.

*Primero*, el licenciado Ramos no plantea, en lo absoluto, conducta de parcialidad o prejuicio personal en su contra de parte de la Juez Martínez de Cuevas. Como concluyó el Tribunal de Primera Instancia, "[l]a Moción de Inhibición aquí presentada no expresa hecho específico alguno sobre la probabilidad o apariencia de parcialidad, *por no existir el o los mismos, según declaró el abogado. No existe el más leve indicio de evidencia de conducta parcializada o actuación que provenga de la magistrado que tienda a minar la confianza pública en el sistema de justicia*". (Énfasis suplido.) Apéndice, pág. 18.

*Segundo*, como consignó el Tribunal de Circuito de Apelaciones, el Canon 10 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, exige al abogado velar (favoreciendo u objetando) que la selección de jueces sea conforme los méritos profesionales, vocación para impartir justicia, rectitud, entereza de carácter y honradez indiscutible. El licenciado Ramos actuó según este canon y luego configuró su solicitud de inhibición en "la incomodidad personal" causada por

su activa participación en el proceso de nombramientos, según su creencia, razón para que no se renombrara a la juez.

Aún asumiendo que esa fuese la situación, la *incomodidad personal* que ello genera no es suficiente para forzar una inhibición contra el respetable criterio y discreción de la juez. Acceder conllevaría inexorablemente la inhibición en los casos en que, contrario al de autos, el abogado de una parte haya fomentado y favorecido activamente un nombramiento judicial; a fin de cuentas, ello de igual forma podría configurar la existencia de "incomodidad personal" en la parte contraria o su abogado en el pleito.

Más allá de este escenario, en su proyección de *stare decisis*, esa ruta decisoria potencialmente impondría sobre *todos los jueces* la inhibición compulsoria en los casos que comparezcan a postular abogados miembros de la *Comisión de Nombramientos Judiciales del Colegio de Abogados* que, en el pasado o al presente, hayan recomendado positiva o negativamente a los aspirantes a la Judicatura en renominación o en nuevo nombramiento. Igual acontecería con los abogados que por su condición de miembros del Senado de Puerto Rico participan y asumen una u otra postura durante el trámite constitucional de confirmación. Este abanico de posibilidades desestabilizaría el esquema de nombramientos judiciales vigente, afectaría adversamente el mejor reclutamiento y, sobre todo, la disponibilidad de jueces para atender y ventilar casos, ello en detrimento de una eficiente administración de la justicia.

Somos conscientes de las ansiedades y preocupaciones que produce este tipo de situación. Ahora bien, en todos sus niveles la fortaleza de la Judicatura puertorriqueña descansa en la conciencia individual de sus integrantes, cimentada en el más alto nivel de eticidad judicial. Esas características, concretadas en decisiones bien fundadas,

razonadas, explicadas y justas, constituyen el mejor antídoto contra las suspicacias o temores de este género.

*Se dictará sentencia confirmatoria.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Rebollo López no intervienen. El Juez Asociado Señor Fuster Berlingeri no intervino.

