En el Tribunal Supremo de Puerto Rico

| Elizabeth Ruiz Rivera, etc. Recurrentes V. Pepsico de Puerto Rico, Inc., etc. Recurridos | Certiorari 99 TSPR 93 |
| --- | --- |

Número del Caso: CC-1997-0665

Abogados de la Parte Recurrente:     Ramos & Ramos-Cámara
                                     Lcdo. Iván A. Ramos

Abogados de la Parte Recurrida:      Arias Cestero & Arias Guardiola
                                     Lcdo. Amancio Arias Guardiola

Tribunal de Instancia, Sala Superior de San Juan

Juez del Tribunal de Primera Instancia: Hon. Amneris Martínez de Cuevas

Tribunal de Circuito de Apelaciones: Circuito Regional I

Juez Ponente: Hon. González Román

Fecha: 6/16/1999

Materia: Daños y Perjuicios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Elizabeth Ruiz Rivera,
et als

     Demandantes-recurrentes

                     CC-97-665     Certiorari

       v.

Pepsico de Puerto Rico, Inc.,
et als

     Demandados-recurridos

Opinión del Tribunal emitida por el Juez Asociado señor Negrón García

San Juan, Puerto Rico, a 16 de junio de 1999

I

El 12 de mayo de 1997, Iván A. Ramos, co-abogado de las demandantes Elizabeth Ruiz Rivera, _et al._ en un caso de daños y perjuicios, al amparo de la Regla 63.1(3) de Procedimiento Civil, solicitó bajo juramento la inhibición de la Juez Superior del Tribunal de Primera Instancia, Sala de San Juan, Hon. Amneris Martínez de Cuevas.

La demanda originalmente fue suscrita el 20 de diciembre de 1996 por la Lcda. Judith Soler Bechara de la firma Ramos & Ramos-Cámara, quien hasta ese momento estuvo a cargo de todos los trámites judiciales.

Antes de esa solicitud, la Juez Martínez de

Cuevas había concedido prórroga a los demandantes, dictado Sentencia parcial de desistimiento en cuanto a un codemandado y resuelto a su favor un incidente sobre descubrimiento de prueba.

El Lcdo. Ramos adujo que estaría a cargo de litigar el caso en sus méritos y basó su pedido, en que la Juez Martínez de Cuevas **conoció de su activa** y exitosa participación en contra de su renominación y confirmación como juez,[1] por lo que era "más saludable a los fines de la administración de la justicia", se inhibiera. Adujo sentirse **personalmente incómodo** de postular ante ella.

Referida la moción a la Juez Superior, Hon. Sonia I. Vélez Colón, previa vista, negó la inhibición. A su juicio, no existía apariencia de parcialidad y conducta tendente a minar la confianza pública en el sistema de justicia. El Tribunal de Circuito de Apelaciones (Hons. Ramos Buonomo, González Román y Córdova Arone), **confirmó**. Sostuvo que la incomodidad personal del Lcdo. Ramos no justificaba la inhibición. A su solicitud, revisamos[2] vía <u>certiorari</u>.[3]

---

[1] En dicha ocasión la Juez Martínez de Cuevas no fue renominada al cargo.

[2] Como único señalamiento discute:

"Erró el Tribunal de Circuito de Apelaciones al decidir que los hechos bajo los cuales se plantea y se solicita la inhibición es un asunto judicial y no un asunto personal."

[3] El 23 de enero de 1998, presentó moción en auxilio de jurisdicción. El 30 expedimos el certiorari y se paralizaron los procedimientos en instancia.

II

La Regla 63.1(e) de Procedimiento Civil establece que de existir "cualquier [...] causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia", el juez debe inhibirse de actuar en el pleito o procedimiento.[4]

Sabido es que la imputación de parcialidad o prejuicio, como punta de lanza para obtener la inhibición o recusación de un juez, debe cimentarse **en cuestiones personales serias, no triviales ni judiciales**; es decir, una actitud originada extrajudicialmente en situaciones que revistan sustancialidad. Pueblo v. Maldonado, 96 D.P.R. 897 (1969). **Su existencia ha de determinarse a la luz de la totalidad de las circunstancias, desde la perspectiva de la mítica figura del buen padre de familia.** Cuevas Segarra, Práctica Procesal Puertorriqueña, pág. 429. Se tutela además, un interés de trascendental importancia en nuestros días: la confianza del pueblo en los tribunales llamados a impartir justicia.

III

La presente situación es novel: un abogado comparece a postular ante un Juez, contra quien abogó activamente para que **no se renombrara al cargo.** Evaluado el pedido en su justa

---

[4] Cónsono con dicho mandato, el Canon I de Ética Judicial exige a los tribunales mantener "a los más altos niveles", la fe del pueblo en la justicia, valor esencial de la democracia. Subraya, que "[e]n el ejercicio de su delicada función, aquellos llamados a impartir justicia, conscientes de la posición que ocupan en la sociedad y de la trascendencia de su misión, deben velar porque sus actuaciones respondan a normas de conducta que honren la integridad e independencia de su ministerio y estimulen el respeto y la confianza en la judicatura."

perspectiva, concluimos que no procede la inhibición. Elaboremos.

**Primero**, el Lcdo. Ramos no plantea en lo absoluto conducta de parcialidad o prejuicio personal en su contra de parte de la Juez Martínez de Cuevas. Como concluyó el Tribunal de Instancia "[l]a moción de inhibición aquí presentada no expresa hecho específico alguno sobre la probabilidad o apariencia de parcialidad, **por no existir el o los mismos, según declaró el abogado. No existe el más leve indicio de evidencia de conducta parcializada o actuación que provenga de la magistrado que tienda a minar la confianza pública en el sistema de justicia"**. (Énfasis suplido).

**Segundo**, como consignó el Tribunal de Circuito de Apelaciones, el Canon 10 de Ética Profesional exige al abogado velar (favoreciendo u objetando) que la selección de jueces sea conforme los méritos profesionales, vocación para impartir justicia, rectitud, entereza de carácter y honradez indiscutible. El Lcdo. Ramos actuó según este canon, y luego configuró su solicitud de inhibición, en "la incomodidad personal" causada por su activa participación en el proceso de nombramientos, según su creencia, razón para que no se renombrara a la juez.

Aún asumiendo que esa fuese la situación, la **incomodidad personal** que ello genera no es suficiente para forzar una inhibición, contra el respetable criterio y discreción de la juez. Acceder conllevaría inexorablemente la inhibición en los casos en que, contrario al de autos, el

abogado de una parte haya fomentado y favorecido activamente un nombramiento judicial; a fin de cuentas, ello de igual forma podría configurar la existencia de "incomodidad personal" en la parte contraria o su abogado en el pleito.

Más allá de este escenario, en su proyección de stare decisis, esa ruta decisoria potencialmente impondría sobre **todos los jueces** la inhibición compulsoria en los casos que comparezcan a postular abogados miembros de la Comisión de Nombramientos Judiciales del Colegio de Abogados que, en el pasado o al presente, hayan recomendado positiva o negativamente aspirantes a la judicatura en renominación o nuevo nombramiento. Igual acontecería con los abogados que por su condición de miembros del Senado de Puerto Rico participan y asumen una u otra postura durante el trámite constitucional de confirmación. Este abanico de posibilidades desestabilizaría el esquema de nombramientos judiciales vigente, afectaría adversamente el mejor reclutamiento y, sobre todo, la disponibilidad de jueces para atender y ventilar casos, ello en detrimento de una eficiente administración de justicia.

Somos conscientes de las ansiedades y preocupaciones que produce este tipo de situación. Ahora bien, **en todos sus niveles la fortaleza de la judicatura puertorriqueña descansa en la conciencia individual de sus integrantes, cimentada en el más alto nivel de eticidad judicial. Esas características, concretadas en decisiones bien fundadas, razonadas, explicadas y justas, constituyen el mejor antídoto contra las suspicacias o temores de este género.**

Se dictará Sentencia confirmatoria.


ANTONIO S. NEGRON GARCIA
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Elizabeth Ruiz Rivera,
et als

    Demandantes-recurrentes

                                CC-97-665     Certiorari
      v.


Pepsico de Puerto Rico, Inc.,
et als

    Demandados-recurridos




SENTENCIA


San Juan, Puerto Rico, a 16 de junio de 1999


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia y confirma la del Tribunal de Circuito de Apelaciones de fecha 30 de septiembre de 1997.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Rebollo López no intervienen. El Juez Asociado señor Fuster Berlingeri no intervino.



                               Isabel Llompart Zeno
                      Secretaria del Tribunal Supremo