Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| EL MUNICIPIO AUTÓNOMO DE ARECIBO<br><br>Recurrido<br><br>v.<br><br>INTERNATIONAL PR PARKING SERVICE, INC. Y OTROS<br><br>Peticionario | KLCE202400377 | ***Certiorari***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Civil Núm.: AR2024CV00264<br><br>Sobre: Desahucio en Precario |
|---|---|---|

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez

Rivera Pérez, Jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de abril de 2024.

Comparece International PR Parking Service, Inc. (en adelante, International o parte peticionaria) mediante un recurso de *Certiorari* y nos solicita la revisión de la *Resolución* emitida y notificada el 28 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). Mediante este dictamen, el TPI declaró No Ha Lugar la moción de *Recusación* presentada por la parte peticionaria el 23 de febrero de 2024.

Por los fundamentos que expondremos, se deniega la expedición del presente recurso de *Certiorari*.

### I

El 12 de febrero de 2024, el Municipio de Arecibo (en adelante, Municipio o parte recurrida) presentó una *Demanda* sobre desahucio en precario en contra de la parte peticionaria.[1] En síntesis, alegó que, el 1 de noviembre de 2011, las partes

---

[1] Apéndice del *Certiorari*, págs. 10-14.

suscribieron un contrato para el arrendamiento del estacionamiento Rubén Otero Bosco, el cual venció el 31 de octubre de 2021 y por el cual la parte peticionaria le adeudaba $744,560.00; y que, el 30 de enero de 2013, firmaron un segundo contrato para el arrendamiento del estacionamiento del Terminal Norte, el cual venció el 1 de febrero de 2024 y por el cual la parte peticionaria le adeudaba, además, $208,960.00.

El Municipio alegó, además, que la parte peticionaria detentaba la posesión de estas propiedades precariamente, por lo que solicitó como remedio que se ordenara su lanzamiento.

El 14 de febrero de 2024, se diligenció el *Emplazamiento y Citación por Desahucio* expedido por el TPI.[2] El juicio quedó señalado para el 21 de febrero de 2024 a las 9:00 a.m. por medio de video conferencia.

A la vista señalada comparecieron el Municipio y sus representantes legales.[3] La parte peticionaria compareció por derecho propio. En lo pertinente, el Municipio solicitó en corte abierta que se expidiera una orden provisional de cese y desista contra la parte peticionaria para que se abstuviera de continuar operando sin autorización los estacionamientos objeto de los contratos en cuestión. La parte peticionaria presentó su oposición a la solicitud del Municipio. Luego de que las partes expusieran su posición, el asunto se dio por sometido.

Finalizada la vista, el mismo 21 de febrero de 2024, el TPI emitió y notificó una *Resolución y Orden de Entredicho Provisional,* por voz del Hon. Juan E. Dávila Rivera, mediante la cual dispuso lo siguiente:

> A la solicitud de orden provisional solicitada por el Municipio este Tribunal la declara CON LUGAR ordenando el inmediato cese y desista de las operaciones de la parte demandada en las instalaciones

---

[2] Apéndice del *Certiorari*, págs. 38-39.
[3] Apéndice del *Certiorari*, págs. 40-42.

municipales de los Estacionamientos Rubén Otero Bosco y Terminal Norte hasta que se celebre el Juicio en su Fondo el próximo viernes, 23 de febrero de 2024, a las 9:00 am.

Se ordena a la Oficina de Alguaciles a diligenciar de inmediato la presente Orden a la parte demandada y a las personas encargadas de administrar los estacionamientos antes mencionados, además de asegurarse de su cumplimiento.

La vista en su fondo en el caso de autos se celebrará el viernes 23 de febrero de 2024 a las 9:00 am, según partes citadas en Corte Abierta. El Tribunal no permitirá reseñalamiento.[4]

El 23 de febrero de 2024, la parte peticionaria procedió a presentar una moción titulada *Recusación,* mediante la cual solicitó la recusación del Hon. Juan E. Dávila Rivera al amparo de la Regla 63 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.[5] Al respecto, la parte peticionaria argumentó lo siguiente:

Al examinar las determinaciones de hechos de la resolución declarando con lugar la solicitud de cese y desista,[6] es preciso concluir que el tribunal ya pasó

---

[4] Apéndice del *Certiorari*, págs. 50-56.

[5] Apéndice del *Certiorari*, págs. 6-8.

[6] La parte peticionaria alegó lo siguiente:

8. El 21 de febrero de 2024 el tribunal dictó "Resolución y Orden de Entredicho Provisional". Mediante la misma determinó en su segundo párrafo que entre las partes **..."no existe relación contractual alguna** toda vez que uno de los contratos entre las partes venció el 31 de octubre de 2021 y el otro el 1 de febrero de 2024".

9. Hizo referencia a lo expresado por José Omar Méndez Torres, presidente de la corporación, en cuanto a que la parte demandada tenía relación de negocios con varios clientes privados sin autorización del municipio. Ver párrafo tercero de la resolución.

10. Determinó que aún cuando la parte demandada había solicitado posposición de la vista, mientras alcanzaba contratación de un representante legal, habiendo sido juramentado y orientado, había solicitado intervenir y oponerse en la solicitud de orden requerida por el municipio.

11. Determinó que el demandado había aceptado la inexistencia de relación contractual y había aceptado a su vez la subcontratación de la instalación municipal con diversas entidades privadas y públicas. Ver página 5 de la resolución.

12. Ordenó el inmediato cese y desista de las operaciones de la parte demandada en las instalaciones municipales, hasta que se celebre el juicio y ordenó a los alguaciles diligenciar de inmediato la orden a los encargados de administrar los estacionamientos, asegurándose de su cumplimiento. Ver últimos 2 párrafos de la resolución.

13. Considerando el trámite procesal antes reseñado y la resolución de ceses y desista del tribunal, en la cual determinó prácticamente lo que la parte demandante solicitó, procede la recusación del Honorable Juez Juan Ernesto Dávila Rivera, al amparo de la Regla 63 de las de Procedimiento Civil. ([É]nfasis en el original) *Íd.*

juicio sobre aspectos neurálgicos, relevantes y determinantes en cuanto la controversia objeto del pleito de desahucio. Ciertamente se verá lacerada la exigencia de apariencia de imparcialidad, norma firmemente enraizada, si tiene que volver a pasar juicio nuevamente sobre los mismos asuntos. No se trata de cualquier contacto previo con la prueba, sino del asunto neurálgico del caso de autos. No dudamos de la <u>entereza moral y la disciplina profesional del juez del caso de autos.</u> Sin embargo, no debe ser puesto en la posición de que resuelva dos veces el mismo asunto. (Énfasis en el original).

El 28 de febrero de 2024, el TPI, por voz de la Hon. Heidi D. Keiss Rivera, emitió y notificó la *Resolución* recurrida declarando No Ha Lugar la moción de *Recusación* presentada por la parte peticionaria el 23 de febrero de 2024.[7] En su dictamen, el TPI concluyó y resolvió lo siguiente:

> […]
>
> Evaluada la comparecencia de la demandada y sus alegaciones, y el ordenamiento jurídico que estimamos aplicable, este Tribunal entiende que no procede lo solicitado.
>
> […]
>
> A nuestro entender, las alegaciones presentadas por la demanda no son, ni suficientes, ni concretas, como para imputarle prejuicio al Juez Dávila Rivera. Nótese que la parte demandada le imputa al Magistrado haber prejuzgado la causa al realizar determinaciones en el marco de conceder un remedio provisional, lo cual permite el ordenamiento jurídico aplicable. De esta forma, estimamos que estamos ante una determinación propiamente judicial para la cual, de estimarlo oportuno, la parte demandada cuenta con los mecanismos de revisión disponibles que estime procedentes.

Inconforme con la determinación del TPI, la parte peticionaria acudió ante nos el 1 de abril de 2024 mediante el presente recurso de *Certiorari*, en el cual señala el error siguiente:

> ERRÓ EL TRIBUNAL AL NO ADOPTAR UNA MEDIDA PROFILACTICA PARA GARANTIZAR LA PUREZA DE LA TAREA JUDICIAL, CONSIDERANDO QUE EL JUICIO DEL TPI EN CUANTO AL ASUNTO MEDULAR DEL PROCEDIMIENTO SUMARIO DE DESAHUCIO EN PRECARIO YA SE FORMÓ EN OTRO PROCEDIMIENTO QUE NO FUE PROPIAMENTE JUDICIAL.

---

[7] Apéndice del *Certiorari*, págs. 3-6.

Examinado el presente recurso, procedemos a disponer del mismo sin necesidad de ulterior trámite, conforme lo autoriza la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5).

## II

### A.

El recurso de *certiorari* es "un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Véase, además, *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). En el ámbito judicial, el concepto discreción "no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". *IG Builders et al. v. BBVAPR*, supra, pág. 338. La discreción, "es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, supra, a la pág. 174.

En el caso particular del Tribunal de Apelaciones, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita los asuntos interlocutorios que podemos revisar mediante un recurso de *certiorari*, bajo el entendimiento de que estos pueden esperar hasta la conclusión del caso para ser revisados en apelación. *IG Builders et al. v. BBVAPR*, supra, pág. 337. Al respecto, la Regla 52.1 de Procedimiento Civil, *supra*, dispone específicamente que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V, R. 56 y 57, o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción

a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.* Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

A su vez, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que el Tribunal de Apelaciones deberá tomar en consideración al determinar si procede la expedición de un recurso de *certiorari* o de una orden de mostrar causa. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

La precitada regla mandata que, como foro apelativo, evaluemos si alguna de las instancias enumeradas anteriormente es de aplicación a la petición de *certiorari*. De alguna estar presente,

podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. Por el contrario, estaremos impedidos de expedir el auto, y por lo tanto deberá prevalecer la determinación del foro recurrido. Los criterios antes transcritos sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).

De ordinario, los tribunales apelativos no debemos intervenir con las decisiones discrecionales de un Tribunal de Primera Instancia a menos que se demuestre que dicho foro incurrió en un abuso de discreción, y que nuestra intervención evitaría un perjuicio sustancial. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013). En todo caso, el criterio rector al momento de evaluar si un tribunal ha abusado de su discreción es la razonabilidad de la determinación impugnada, y su fundamento en un sentido llano de justicia. *Íd.,* págs. 434-435.

**B.**

La inhibición y recusación de los jueces está regulada por los Cánones de Ética Judicial, 4 LPRA Ap. IV-B, y las Reglas 63.1 y 63.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.1 y 63.2.

La Regla 63.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.1, establece los casos en que un juez deberá inhibirse de actuar en un pleito o procedimiento a iniciativa propia o a solicitud de parte. Estos son:

> (a) por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito, o por haber prejuzgado el caso;
>
> (b) por tener interés personal o económico en el resultado del caso;
>
> (c) por existir un parentesco de consanguinidad o afinidad dentro del cuarto grado con el (la) fiscal, procurador o procuradora de asuntos de familia, defensor(a) judicial, procurador(a) de menores o cualquiera de las partes o sus representantes legales en un procedimiento civil;

(d) por existir una relación de amistad de tal naturaleza entre el juez o jueza y cualquiera de las partes, sus abogados o abogadas, testigos u otra persona involucrada en el pleito que pueda frustrar los fines de la justicia;

(e) por haber sido abogado(a), o asesor(a) de cualquiera de las partes o de sus abogados(as) en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración;

(f) por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrado(a) a los fines de expedir una orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal;

(g) por intervenir en el procedimiento una persona natural o jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales;

(h) cuando en calidad de funcionario(a) que desempeña un empleo público, haya participado como abogado(a), asesor(a), o testigo esencial del caso en controversia;

(i) cuando uno de los abogados(as) de las partes sea abogado(a) de los jueces o juezas que han de resolver la controversia ante su consideración o lo haya sido durante los últimos tres años, o

(j) por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia. 63.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.1.

Por otra parte, la Regla 63.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.2, regula todo lo relacionado al perfeccionamiento de la solicitud de inhibición o recusación, así como el procedimiento para su presentación. Al respecto, esta Regla señala lo siguiente:

(a) Toda solicitud de recusación será jurada y se presentará ante el juez o jueza recusado(a) dentro de veinte (20) días desde que la parte solicitante conozca de la causa de la recusación. La solicitud incluirá los hechos específicos en los cuales se fundamenta y la prueba documental y declaraciones juradas en apoyo a la solicitud. Cuando la parte promovente de la recusación no cumpla con las formalidades antes señaladas, el juez o jueza podrá continuar con los procedimientos del caso.

(b) Una vez presentada la solicitud de recusación, si el juez o jueza recusado(a) concluye que procede su inhibición, hará constar mediante resolución escrita los incisos (a) a (i) de la Regla 63.1 de este apéndice

aplicable, en su defecto, la razón específica para su inhibición bajo el inciso (j) y la notificará a todas las partes. El caso será asignado a otro juez o jueza.

(c) Si el juez o la jueza concluye que no procede su inhibición, se abstendrá de continuar actuando en su capacidad de juez o jueza en el caso y remitirá los autos de éste al juez administrador o jueza administradora para la designación de un juez o jueza que resuelva la solicitud de recusación. La recusación se resolverá dentro del término de treinta (30) días de quedar sometida.

(d) Una vez un juez o jueza haya comenzado a intervenir en un caso, no podrán unirse al caso los abogados o abogadas cuya intervención pueda producir su recusación. Regla 63.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.2.

A los fines de la inhibición de un juez bajo el inciso (a) de la Regla 63.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.1, "tener prejuicio o parcialidad hacia cualquiera de las partes o sus abogados" significa que tal prejuicio o parcialidad debe ser personal contra la parte y no de índole judicial. *Ruiz v. Pepsico P.R., Inc.*, 148 DPR 586 (1999); *Nudelman v. Ferrer Bolívar*, 107 DPR 495 (1978); *Pueblo v. Maldonado Dipiní*, 96 DPR 897, 910 (1969).

El 'Prejuicio personal' significa una actitud extrajudicial en su origen y "el hecho de que el juez ha intervenido en casos anteriores distintos, en contra de los mismos acusados o en contra de uno de ellos, no es suficiente para demostrar ese prejuicio personal". *Pueblo v. Maldonado Dipiní*, supra, en la pág. 910; Véase, además, *Nudelman v. Ferrer Bolívar*, en las págs. 506-507 y la nota al calce núm. 7.

Al determinar si existe o no prejuicio personal de parte del juez, debemos analizar la totalidad de las circunstancias a la luz de la prueba presentada. *Mun. de Carolina v. CH Properties*, 200 DPR 701 (2018). "El estándar ético es objetivo: si una persona razonable, con conocimiento de todas las circunstancias, tendría dudas sobre la imparcialidad del juez". J.A. Cuevas Segarra, *Tratado de Derecho*

*Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. V, pág. 1852, citado en *Mun. de Carolina v. CH Properties*, supra, el pág. 712.

Por otra parte, el inciso (j) de la Regla 63.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.1, provee una cláusula residual a través de la cual se amplían las causas de inhibición o recusación. Esta cláusula es de carácter remedial, por lo que debe interpretarse liberalmente y constituye una causa de inhibición fundamentada en la apariencia de imparcialidad, que armoniza con los Cánones 8 y 20(j) de Ética Judicial, *supra. Mun. de Carolina v. CH Properties*, supra.

El Canon 8 de Ética Judicial, *supra*, dispone que "[l]a conducta de las juezas y de los jueces ha de excluir la posible apariencia de que son susceptibles de actuar por influencias". Por su parte, el Canon 20(i) de Ética Judicial, *supra*, establece que los jueces entenderán y adjudicarán los asuntos que se les asignen, salvo aquellos en los que la ley requiera su inhibición y "por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia".

Finalmente, es menester resaltar que el Tribunal Supremo ha expresado que "el derecho del litigante a solicitar la inhibición de un juez está limitado por los principios de la buena fe, abuso del derecho e incuria". *Martí Soler v. Gallardo Álvarez*, 170 DPR 1, 11 (2007). Igualmente, "[e]l abogado, en el descargo de su responsabilidad como representante de su cliente, debe actuar sin temor cuando tiene motivos fundados para solicitar la inhibición de un juez". *In re Criado Vázquez*, 108 DPR 642, 643 (1979). **Sin embargo, este debe "ser cauteloso, sobre todo cuando el motivo de inhibición que invoca acusa conducta del juez reñida con la ética judicial. Y mientras más grave sea la imputación, mayor**

**debe ser su ponderación de las bases de la misma".** (énfasis suplido) *Íd.*

**En ese sentido, se ha establecido que no procede la inhibición de un juez a base de una mera especulación sobre la posible ocurrencia de un evento futuro**. *In re Marchand Quintero,* 151 DPR 973, 987 (2000). "La probabilidad de ocurrencia de una situación hipotética no es suficiente". *Íd.,* en la pág. 987. **La parte o el abogado que solicite la recusación debe tener certeza sobre las bases en que fundamenta la solicitud de recusación, especialmente cuando se invocan fundamentos con implicaciones éticas para el magistrado.** *Íd.*

### III

En su recurso de *Certiorari,* la parte peticionaria señala que erró el TPI "al no adoptar una medida profiláctica para garantizar la pureza de la tarea judicial, considerando que el juicio del TPI en cuanto al asunto medular del procedimiento sumario de desahucio en precario ya se formó en otro procedimiento que no fue propiamente judicial".

Examinado el recurso ante nuestra consideración a la luz de la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* determinamos que no procede su expedición. Entendemos que no ha mediado pasión, prejuicio o parcialidad en la actuación del TPI o que este haya incurrido en error manifiesto. Además, a nuestro juicio, en este caso no está presente alguno de los escenarios que dan paso a la recusación de un juez, según establecidos en la Regla 63.1 de Procedimiento Civil, *supra,* y el Canon 20 de Ética Judicial, *supra.*

### IV

Por los fundamentos expuestos, se deniega la expedición del auto de *Certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones