Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>Demandante-Recurrido<br><br>Vs.<br><br>HÉCTOR MIGUEL VEGA JIMÉNEZ, ET AL.<br><br>Demandados-Peticionarios | KLCE202401291 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm. ISCI201400810<br><br>Sala: 207<br><br>Sobre: COBRO DE DINERO Y EJECUCIÓN DE HIPOTECA |

Panel integrado por su presidente, el Juez Rivera Colón, la Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de diciembre de 2024.

Por las razones que se exponen a continuación, y prescindiendo de trámites ulteriores según autoriza la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7(B)(5), expedimos el auto de certiorari aquí solicitado, y confirmamos la decisión recurrida, mediante la cual se denegó una moción de inhibición.

*-I-*

La parte codemandada peticionaria, la Sra. Omayra Cabán Acevedo, argumenta que procede la inhibición de la jueza que preside los procesos en primera instancia. En resumen, y en palabras de la parte recurrente, la recusación procede:

> [D]ebido a que según se desprende de una lectura del expediente se refleja claramente que **todo** lo que ha solicitado la parte demandante en el caso civil núm. ISCI 2014 00810 (207) ha sido declarado ¨Ha Lugar¨ por la Jueza Maura Santiago Ducós y **todo** lo que ha solicitado la parte demandada en el caso civil núm. ISCI 2014 00810 (207) ha sido declarado ¨No ha

Lugar¨ por la Jueza Maura Santiago Ducós. [Énfasis en el original.]

La solicitud de recusación presentada fue considerada y reconsiderada por una juez de primera instancia referida por el tribunal a examinar la petición. En la resolución recurrida la juzgadora expresó:

> Hemos considerado los planteamientos de la parte demandada y concluimos que todas las alegaciones [en la Moción en Solicitud de Inhibición y/o Recusación] son en atención a decisiones judiciales sustentadas en el sano discernimiento judicial. Nos dimos a la tarea de evaluar con detenimiento el expediente judicial y no hemos encontrado un ápice de evidencia que nos lleve a concluir que la Juez ha actuado con prejuicio, pasión o parcialidad. Tampoco, la parte demandada, ha traído a nuestra consideración alguna situación externa que sea alegue est[é] nublando el juico o la conciencia judicial de la Honorable Juez. No hemos encontrado en las alegaciones de la parte demandada una sombra de parcialidad que pueda poner en entredicho y causar un gran daño a la imagen de la justicia en nuestra jurisdicción.
>
> La determinación del Tribunal a la que hace alusión la parte demandada fue objeto de revisión por el Tribunal de Apelaciones. Dicho foro de mayor jerarquía revisó el expediente judicial en aras de disponer del recurso. El Tribunal de Apelaciones evaluó lo resuelto por la Honorable Juez y revocó la Resolución de la Juez. Una vez revocada la resolución de la Honorable Juez, el Tribunal Apelativo ordenó que se continuara los procedimientos de manera compatible con su SENTENCIA.

En la reconsideración a la resolución antes colegida, la juez examinó de *novo* las alegaciones de la parte recurrente. Tras examinarlas bajo la lupa del contenido del expediente, la juez nuevamente concluyó ausencia de algún indicio de parcialidad o prejuicio extrajudicial que hiciera necesaria la recusación solicitada. Mas bien, la juez concluyó que ¨[l]a parte demandada pretende que se concluya que existe parcialidad (o por lo menos apariencia de), por parte de la Juez Santiago Ducós, debido a que las decisiones que ésta ha tomado durante la tramitación del pleito no le han favorecido; no le asiste la razón¨.

Inconforme, comparece la parte recurrente y apunta el siguiente error:

Erró el Tribunal a quo al declarar No Ha Lugar nuestra solicitud de inhibición y/o recusación de la Juez Maura Santiago Ducós del caso civil núm. ISCI 2014 00810 (207) sin justipreciar que el expediente del caso de epígrafe refleja claramente que todo lo que ha solicitado la parte demandante en el caso civil núm. ISCI 2014 00810 (207) ha sido declarado ¨No Ha Lugar¨ por la Jueza Maura Santiago Ducós lo cual razonablemente arroja dudas sobre su imparcialidad para adjudicar y tiende a minar la confianza pública en el sistema de justicia.

Conforme adelantado, estamos en posición de resolver el recurso promovido sin ulterior trámite. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *supra*.

*-II-*

*-A-*

La Regla 63.1 de Procedimiento Civil, 32 LPRA Ap. V, R.63.1, establece que la inhibición o recusación de un juez puede ocurrir por iniciativa propia o a petición de alguna de las partes. De igual forma dispone sobre las instancias en las cuales los jueces se ven obligados a inhibirse. Entre ellas, cuando el juez tenga algún interés en el resultado del caso o demuestre prejuicio o parcialidad hacia cualquiera de las partes, o cualquiera otra situación que pueda contribuir a minar la fe y confianza que el pueblo tiene en nuestro sistema de justicia. Véase, además, Canon XII de Ética Judicial, 4 LPRA Ap. IV-A.

La imputación de parcialidad o prejuicio para obtener la inhibición o recusación de un juez debe cimentarse en cuestiones personales serias, no triviales ni judiciales, es decir, una actitud originada extrajudicialmente en situaciones que revistan sustancialidad. *Ruiz v. PepsiCo P.R.*, 148 DPR 586, 588-589 (1999) *Nudelman v. Ferrer Bolívar*, 107 DPR 495, 506-507 (1978); *Pueblo v. Maldonado Dipiní*, 96 DPR 897, 902-903 (1969). Prejuicio involucra un prejuzgar o formar una opinión sin el suficiente

conocimiento o examen. Imparcialidad es una tendencia mental o inclinación hacia una persona u otra. Se ha establecido como norma que el prejuicio debe ser personal contra la parte y no de índole judicial. El prejuicio personal de un magistrado significa una actitud extrajudicial en su origen. *Nudelman v. Ferrer Bolívar, supra,* págs. 506-507; *Pueblo v. Maldonado Dipiní, supra,* págs. 902-903. Recordemos que la recusación de un juez es algo que está revestido de gran interés público, por cuanto la fe y la confianza de nuestro sistema de justicia dependen en gran medida de la confianza que se tenga sobre aquellos encargados de impartir justicia. *Martí Soler v. Gallardo Álvarez,* 170 DPR 1,8-9 (2007).

### -III-

El argumento de la parte peticionaria se limita a que la Juez erró al decidir en su contra. El problema con la teoría de la parte peticionaria es que, aún bajo la premisa de que actuó erróneamente la Juez al decidir en contra de la parte peticionaria, ello, de por sí, no es fundamento para requerir o justificar la pretendida inhibición.

Sobre si eran o fueron "erradas" las decisiones de la Juez, no nos corresponde pasar juicio; no obstante, todavía considerado que, en efecto, fueron erradas, como adjudicó este Tribunal, ello, de por sí, no es fundamento para requerir o justificar la inhibición. La peticionara no cita autoridad para su novel e inusitado planteamiento, según el cual un(a) juez(a) tendría que inhibirse cada vez que una decisión interlocutoria suya sea revocada, por ser considerada "errónea" por un tribunal revisor o por haber decidido a favor de una parte.

Un juez no tiene que inhibirse simplemente por haber cometido un error en el trámite de un caso ante su consideración. Tampoco tiene causa para recusarse por simplemente ejercer su discreción judicial al resolver incidentes procesales entre las partes

o al tomar alguna decisión interlocutoria mientras dirige los procedimientos judiciales.

Para concluir que, un juez ha prejuzgado una controversia, es necesario concluir que "sus visiones personales control[a]n la adjudicación del caso, independientemente de la evidencia que se le presente y del derecho aplicable". *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 774 (2013). También ello podría concluirse si el juez actúa conforme a "valores, creencias, opiniones y concepciones personales ajenas al derecho". *Dávila Nieves v. Meléndez Marín, supra*, pág. 777. Una alegación de prejuicio no puede cimentarse en cuestiones "judiciales". *Ruiz v. PepsiCo PR*, 148 DPR 586, 588-599 (1999).

El trámite de este caso no demuestra que la Juez de Primera Instancia esté parcializada en contra de la peticionaria por creencias u opiniones personales ajenas al derecho. Al contrario, el expediente demuestra que, la Jueza tenía, y tiene, la capacidad de evaluar con neutralidad los argumentos de ambas partes.

En fin, no se ha demostrado, ni del récord surge, que la Juez prejuzgara el caso en contra de la parte peticionaria sobre fundamentos ajenos al derecho.

Por tanto, no procede la inhibición procurada por la parte peticionaria. Actuó correctamente el TPI al emitir la decisión objeto del presente recurso.[1]

### *-IV-*

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, se expide el auto solicitado, y se confirma la decisión objeto del presente recurso, mediante la cual se deniega la inhibición solicitada de la Juez Maura Santiago Ducós.

---

[1] Apercibimos a la parte peticionaria que la presentación injustificada de solicitudes de inhibición resulta contraria a los Cánones de Ética. *In re Cardona Álvarez*, 116 DPR 895, 906-907 (1986).

Por último, al amparo de la autoridad que nos confiere la Regla 35(A)(1) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R.35(A)(1)[2], el Tribunal de Primera Instancia no tendrá que esperar por la remisión del mandato para continuar con el trámite del caso de referencia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] En lo pertinente, la citada regla dispone que la "expedición del auto de certiorari suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**" (énfasis suplido).