Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| | | |
|---|---|---|
| HAROLD DIAZ TORIBIO<br>Peticionario<br><br>v.<br><br>DEPARTAMENTO DE LA VIVIENDA DE PUERTO RICO, CIARY PÉREZ PEÑA EN SU CAPACIDAD OFICIAL COMO SECRETARIA DE VIVIENDA, ESTADO LIBRE ASOCIADO DE PUERTO RICO<br>Recurridos | TA2025CE00718 | *Certiorari* procedente del Tribunal de Primera de Instancias, Sala de San Juan<br><br>Caso Núm. SJ2025CV07570<br><br>Sobre:<br>Injunction (Entredicho Provisional, Injuction Preliminar y Permanente) |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

## <u>RESOLUCIÓN</u>

En San Juan, Puerto Rico, a 5 de noviembre de 2025.

a.

El letrado Díaz Toribio (peticionario) acude a este foro intermedio mediante recurso de *certiorari*, *pro se*, solicitando nuestra intervención con una *Resolución* emitida por el Tribunal de Primera Instancia, Región Judicial de San Juan, (TPI), emitida el 22 de octubre de 2025. En dicho dictamen interlocutorio, el foro recurrido declaró *No Ha Lugar* la solicitud del peticionario para recusar al Honorable Anthony Cuevas Ramos.

En desacuerdo, el peticionario nos plantea que incidió el TPI al así disponer porque:

"1) no tomó en consideración todos los hechos en los que se fundamenta la moción de inhibición y recusación en la alternativa; 2) no tomó en consideración el hecho de que el Honorable Tribunal no se abstuvo inmediatamente de continuar viendo el caso ante una solicitud de recusación; 3) no tomó en consideración que varias actuaciones del foro eran de su faz arbitrarias y caprichosas; 4) no dio peso significativo al hecho de que el abogado de la parte demandada reconoció conocer al magistrado; 5) no dio peso significativo a la pasividad del foro al violar los cánones de ética

judicial al no intervenir ante la conducta mendaz de la parte demandada; 6) consideró livianamente la falta de atención a una moción presentada por la parte peticionaria vulnerando crasamente los principios de debido proceso de ley; 7) no tomó en consideración el hecho de que la renominación del Honorable Tribunal se encontraba al arbitrio de la Gobernadora quien ha afirmado la propia Secretaria de la Vivienda es amiga de esta; 8) no tomó en consideración inconsistencias palpables del foro primario en sus expresiones y actuaciones; y 9) finalmente no realizó adecuadamente un análisis bajo la totalidad de las circunstancias, sino desde una perspectiva fraccionada de cada argumento; constituyendo un abuso de discreción y un inevitable fracaso a la justicia."

Junto al recurso de *certiorari,* el peticionario también incluyó: *Moción en auxilio de jurisdicción solicitando la paralización de los procedimientos,* y; *Solicitud para que autoricemos la litigación in forma pauperis.*

b.

i.

Es requisito básico del debido proceso de ley el obtener un juicio justo proveniente de un tribunal imparcial. *Pueblo v. López Guzmán,* 131 D.P.R. 867, 894 (1992). Para dar cumplimiento a ello, se exige que quien desempeña la función judicial exhiba una conducta imparcial. *Martí Soler v. Gallardo Álvarez,* 170 DPR 1, 8 (2007), *Pueblo v. López Guzmán,* supra. Tal deber de proceder de manera imparcial en su función, es inherente a la misión de impartir justicia. *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 775 (2013).

En la vertiente ética, el requisito de imparcialidad se establece con los Cánones de Ética Judicial de 2005. 4 LPRA Ap. IV-B. De modo que, el Canon 8 de dicho cuerpo reglamentario, dispone que, ***las juezas y los jueces deben ser imparciales*** *y sus funciones judiciales deben realizarse de manera independiente, libre de influencias ajenas, instigaciones, presiones, amenazas o interferencias, sean estas directas o indirectas, y sin importar la fuente de donde provengan o la razón para ello.* (Énfasis provisto).

No solo es necesario que los jueces sean imparciales, sino que también deben de evitar toda *posible apariencia de que son susceptibles de actuar bajo influencias.* En esencia, no solo se trata de ser imparcial, sino también de aparentarlo. *Id.*

El Canon 20 de los Cánones de Ética Judicial, 4 LPRA Ap. IV-B, establece en particular que, *una jueza o un juez debe inhibirse de un procedimiento judicial cuando tenga prejuicio o parcialidad hacia alguna de las personas, abogados o cualquier parte en el caso, o por haber prejuzgado el asunto que tiene ante su consideración.* La inhibición o recusación de una jueza o un juez procede también cuando exista cualquier otra razón que pueda arrojar dudas sobre su imparcialidad para adjudicar, o que de paso a minar la confianza pública en el sistema de justicia. *In re Suárez Marchán, 1*59 DPR 724, 736-37 (2003); *In re Castro Colón*, 155 DPR 110, 116 (2001).

Sin embargo, **se ha determinado que la imputación de parcialidad debe estar basada en hechos que produzcan duda razonable sobre la imparcialidad del juez o jueza hacia el litigante o sus abogados**. *In re: Colton–Fontán,* 154 D.P.R. 776 (2001). (Énfasis provisto).

El procedimiento para la inhibición o recusación de un juez que preside un caso civil está dispuesto en la Regla 63 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 63. Específicamente, la Regla 63.1 de las de Procedimiento Civil, *supra,* regula las causas de inhibición o recusación de un juez. En relación con los hechos del presente caso la mencionada regla dispone que:

> A iniciativa propia, **o a recusación de parte**, un juez o jueza deberá inhibirse de actuar en un pleito o procedimiento en cualquiera de los casos siguientes:
>
> (a) por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito o por haber prejuzgado el caso;
> […]
> (j) por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que

tienda a minar la confianza pública en el sistema de justicia. (Énfasis provisto).

En *Ruiz v. Pepsico P.R.,Inc.,* 148 D.P.R. 586, 589 (1999), el Tribunal Supremo tuvo oportunidad de interpretar la Regla 63.1 de Procedimiento Civil, de 1979, 32 L.P.R.A. Ap. III, R.63.1, que es similar a la Regla 63.1 vigente, sobre la imputación de imparcialidad de un juez y estableció que la imputación de parcialidad o perjuicio como punta de lanza para obtener la inhibición o recusación de un juez, **debe cimentarse en cuestiones personales serias, no triviales ni judiciales**; es decir, una actitud originada extrajudicialmente en situaciones **que revistan sustancialidad**. *Pueblo v. Maldonado*, 96 D.P.R. 897, 910 (1969). (Énfasis provisto). La existencia de la imputación de parcialidad o prejuicio ha de determinarse a la luz de la totalidad de las circunstancias, desde la perspectiva de la mítica figura del buen padre de familia. José Cuevas Segarra, *Tratado de Derecho Procesal Civil,* San Juan, Ed. Publicaciones J.T.S. Título II, pag. 1123.

Añádase que, **la incomodidad y el sentir subjetivos de los abogados** ya fueron descartados por nuestro Tribunal Supremo en *Ruiz Rivera v. Pepsico de Puerto Rico, Inc.*, supra, como un fundamento de recusación o inhibición de un juez. Igualmente, **la doctrina no apoya la sensibilidad de un litigante como el estándar para evaluar la recusación de un juez**. *Id.*

ii.

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior

jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró,* 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction,* supra, pág. 711. El concepto discreción implica la facultad de elegir entre diversas opciones. *IG Builders et al. v. BBVAPR,* 185 DPR 307, 338 (2012). Claro, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Municipio Autónomo de Caguas v. JRO Construction,* supra, págs. 711-712; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por vía de excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En virtud de lo anterior, para poder ejercitar debidamente nuestra facultad revisora sobre un caso, primeramente, debemos determinar si el asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra.* De ser así, entonces procede evaluar si a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, se justifica nuestra intervención. Con

todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada, es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró,* supra.

En este ejercicio, nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001). Cónsono con esto, el mismo alto foro ha advertido que nuestro ordenamiento jurídico desfavorece la revisión de las determinaciones interlocutorias. *Medina Nazario v. Mcneil Healthcare LLC*, supra, pág. 730.

Conviene resaltar que la amplitud del recurso moderno de *certiorari* ***no significa que sea equivalente a una apelación****, **pues sigue siendo discrecional** y los tribunales debemos utilizarlo con cautela y por razones de peso.* (Énfasis provisto). *Pueblo v. Díaz León*, 176 DPR 913, 918 (2009).

c.

Iniciamos reconociendo que la petición de recusación de un juez ubica dentro de las causas que nos habilitan para intervenir con un dictamen interlocutorio, por cuanto esperar al resultado final del juicio para resolverla, podría constituir un fracaso irremediable de la justicia.

Sin embargo, al sopesar los argumentos alzados por el peticionario para impulsar la solicitud de recusación, no apreciamos en ninguno de ellos motivo alguno que mueva nuestra discreción para variar el curso decisorio recurrido. Con mayor precisión, juzgamos que el recuento procesal ofrecido por el peticionario en el recurso de *certiorari*, y sus conclusiones sobre lo acontecido, carecen de hechos que produzcan duda razonable sobre la imparcialidad del juez durante el proceso o no revisten sustancialidad.

En cualquier caso, no observamos en la determinación recurrida la pasión, el prejuicio, parcialidad o error manifiesto que justificarían

nuestra intervención. A tenor, corresponde denegar la expedición del recurso de *certiorari.*

**Parte Dispositiva**

1)  Autorizamos para esta etapa de los procesos la comparecencia del peticionario *in forma pauperis.*

2) *Denegamos* expedir el auto de *certiorari* solicitado.

3) Declaramos *No Ha Lugar* la solicitud de auxilio de jurisdicción.

**Notifíquese inmediatamente.**

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones