ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **SINDICATO RC, RM & XP, LLC h/n/c/ BACOA FINCA + FOGÓN**<br><br>Recurrido<br><br>v.<br><br>**ALTEA PROPERTIES, INC., y otros**<br><br>Peticionario | KLCE202401115 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **Caguas**<br><br>Civil Núm.: **CG2023CV03481**<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de octubre de 2024.

La parte peticionaria, Altea Properties, Inc. (Altea Properties o parte peticionaria), nos solicita que revoquemos la *Resolución* emitida el 23 de agosto de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Caguas. Mediante la misma, el TPI denegó la solicitud de inhibición presentada por Altea Properties contra el Honorable Juez Elías Rivera Fernández.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari* solicitado.

**I.**

El presente caso tiene su génesis en un pleito sobre incumplimiento de contrato, daños y perjuicios instado por el Sindicato RC, RM & XP, LLC h/n/c Bacoa Finca + Fogón (Bacoa o parte recurrida), contra Altea Properties y la señora Daniela Puig Rullán, entre otros.[1] En la demanda, se alegó que Altea Properties arrendó a Bacoa una propiedad por el término de cinco (5) años, comenzando el 1 de noviembre de 2018, vencedero el 1 de noviembre

---

[1] Apéndice del recurso, págs. 1-10.

de 2023. Bacoa esgrimió que el contrato contenía una cláusula que le concedía el derecho de adquirir la propiedad arrendada por la suma de $1,650,000.00, y que dicha opción podía ejercerla en cualquier momento durante la vigencia del contrato. Añadió que, luego de anunciar su interés en comprar la propiedad y tras varias incidencias, en octubre de 2023, la codemandante Puig Rullán le envió una carta en la cual daba por terminado el contrato. Ello, por no recibir el canon de arrendamiento correspondiente al mes de octubre de 2023. Bacoa adujo que la interrupción unilateral de las conversaciones por parte de Altea Properties en un momento crítico del negocio conducente a la compraventa constituyó una acción deliberada, contumaz y temeraria.

Por todo lo anterior, Bacoa solicitó al TPI que: (1) declarara *ha lugar* la demanda y ordenara a Altea Properties y la señora Puig Rullán cumplir con los términos del contrato concernido; (2) ordenara que se efectúe la venta de la propiedad y se otorgue la escritura correspondiente y (3) condenara a Altea Properties y la señora Puig Rullán a resarcir todos los daños causados a Bacoa, con especial imposición de gastos, costas, intereses y honorarios de abogados por una suma no menor de $30,000.00 en virtud de la temeridad exhibida por éstos. El 29 de mayo de 2024 Bacoa instó una solicitud de sentencia sumaria.[2]

Luego de múltiples trámites procesales relacionados al descubrimiento de prueba, el 16 de julio de 2024, Altea Properties presentó escrito juramentado en solicitud de la inhibición del Honorable Juez que preside el caso, Elías Rivera Fernández. La referida moción se fundamentó en el alegado trato injusto y no

---

[2] Esta se resolvió por medio de la *Sentencia* dictada el 20 de septiembre de 2024, luego de considerada la solicitud de inhibición. El TPI declaró *Con Lugar* la moción de sentencia sumaria de Bacoa y *No Ha Lugar* aquella instada por Altea Properties, a la cual se unió la señora Puig Rullán. Consecuentemente, declaró *Con Lugar* la demanda de Bacoa, únicamente en cuanto a Altea Properties y desestimó la demanda en cuanto a la señora Puig Rullán, por entender que su intervención en el caso fue una limitada, en carácter representativo de la aludida entidad. El foro de instancia también desestimó la reconvención presentada contra Bacoa. Apéndice del recurso, págs. 399-412.

equitativo exhibido por el Juez Rivera Fernández durante los procesos y que, a su entender, este ha demostrado parcialidad a favor y en beneficio de Bacoa.[3]

En síntesis, Altea Properties alegó que el referido Juez prejuzgó el caso tras hacer expresiones durante la conferencia inicial como que este era uno "sumamente sencillo"; que no veía "porque está aquí", sin tener la evidencia correspondiente para llegar a tales conclusiones. Añadió que, con tales expresiones, el Juez descartó de plano sus planteamientos y defensas, así como la posibilidad de que las mismas fueran consideradas de una forma neutral. Además, Altea Properties expuso que el Juez Rivera Fernández dio paso a una solicitud de orden sobre prohibición de enajenar con relación a la propiedad objeto del litigio sin siquiera brindarle oportunidad de exponer su posición y también denegó infundadamente una solicitud de prórroga para presentar una oposición de sentencia sumaria.[4]

La solicitud de inhibición fue referida a la Jueza Administradora, Viviana J. Torres Reyes, quien luego de evaluar los argumentos del petitorio de Altea Properties, emitió la *Resolución* impugnada.[5] Según adelantado, el TPI declaró *no ha lugar* la inhibición solicitada. El foro de instancia concluyó que Altea Properties no demostró con hechos específicos que el Juez Rivera Fernández tuviera un ánimo prevenido, estuviera parcializado o prejuzgado con la controversia de manera tal que pudiera resultar en el menoscabo de sus derechos; que tienda a minar la confianza en el sistema judicial o que atisbara la existencia de prejuicio personal hacia dicha parte. La Jueza Torres Reyes resolvió que las alegaciones de Altea Properties no eran suficientes para generar dudas sobre las actuaciones del Juez Rivera Fernández que le

---

[3] Apéndice del recurso, págs. 308-333.
[4] Esta solicitud fue reiterada por Altea Properties el 19 de agosto de 2024.
[5] Apéndice del recurso, págs. 368-375.

inhabilitaran para presidir los procesos en el caso. Además, especificó que: "los fundamentos presentados por la parte demandada para recusar al Juez Rivera Fernández están basados en la insatisfacción de dicha parte sobre aspectos del manejo y dirección de los procedimientos, para los que el juez de primera instancia tiene amplia discreción".

Inconforme con la determinación, Altea Properties solicitó reconsideración, sin éxito.[6] Así las cosas, dicha entidad acude ante este Tribunal de Apelaciones y alega que el TPI cometió los siguientes errores:

> Erró la Honorable Juez Administradora del Tribunal de Primera Instancia, Sala Superior de Caguas[,] al determinar que Altea no expuso hechos específicos sobre la conducta del Hon. Juez Rivera que justificara su recusación.

> Erró la Honorable Juez Administradora del Tribunal de Primera Instancia, Sala Superior de Caguas, al determinar que no procede la solicitud de recusación presentada contra el Hon. Juez Rivera por no estar basada en los fundamentos de la Regla 63.1 de Procedimiento Civil.

A tenor con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho...".[7] Ante ello, prescindimos de la comparecencia de la parte recurrida.

## II.

### A.

"El Estado de Derecho se asienta sobre el sabio y recto ejercicio de las funciones judiciales. La singularidad de esta función configura la imparcialidad del juzgador como exigencia del debido proceso de ley." *Martí Soler v. Gallardo Álvarez*, 170 DPR 1, 7-8 (2007). La inhibición y recusación de jueces está regulada por los

---

[6] Véase, apéndice del recurso, págs. 380-385 y 385 b.
[7] 4 LPRA Ap. XXII-B, R. 7 (B)(5).

Cánones de Ética Judicial y las Reglas 63.1 y 63.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.1 y 63.2. Las mencionadas Reglas tienen como propósito salvaguardar el derecho del litigante a un debido proceso de ley. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013). La Regla 63.1 de Procedimiento Civil, *supra*, dispone lo siguiente:

> Por iniciativa propia, o a recusación de parte, un juez o una jueza se deberá inhibir de actuar en un pleito o procedimiento en cualquiera de los casos siguientes:
>
> (a) Por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito o por haber prejuzgado el caso;
>
> (b) por tener interés personal o económico en el resultado del caso;
>
> (c) por existir un parentesco de consanguinidad o afinidad dentro del cuarto grado con el(la) fiscal, procurador(a) de asuntos de familia, defensor(a) judicial, procurador(a) de menores o con cualquiera de las partes o sus representantes legales en un procedimiento civil;
>
> (d) por existir una relación de amistad de tal naturaleza entre el juez o jueza y cualquiera de las partes, sus abogados o abogadas, testigos u otra persona involucrada en el pleito que pueda frustrar los fines de la justicia;
>
> (e) por haber sido abogado(a) o asesor(a) de cualquiera de las partes o de sus abogados(as) en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración;
>
> (f) por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrado(a) a los fines de expedir una orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal;
>
> (g) por intervenir en el procedimiento una persona natural o jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales;
>
> (h) cuando en calidad de funcionario(a) que desempeña un empleo público, haya participado como abogado(a), asesor(a) o testigo esencial del caso en controversia;
>
> (i) cuando uno de los abogados o abogadas de las partes sea abogado(a) de los jueces o juezas que han de resolver la controversia ante su consideración o lo haya sido durante los últimos tres años, o
>
> (j) por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar

o que tienda a minar la confianza pública en el sistema de justicia.

De otra parte, el Canon 8 de los Cánones de Ética Judicial, 4 LPRA Ap. IV-B, C. 8, establece que la conducta de los jueces ha de excluir la posible apariencia de que son susceptibles de actuar por influencias. Por igual, el Canon 20 ordena a los jueces que se inhiban en caso de prejuicio o parcialidad que les impida presidir un procedimiento judicial de manera justa y objetiva. 4 LPRA Ap. IV-B, C. 20; *Martí Soler v. Gallardo Álvarez*, supra, pág. 8.

La conducta parcializada o prejuiciada se considera una de las instancias para solicitar la inhibición del juez. Sobre el particular, el Tribunal Supremo de Puerto Rico estableció que dichas imputaciones debían cimentarse en asuntos personales serios. Trivialidades o cuestiones judiciales no constituyen argumentos apropiados para sustentar el prejuicio o parcialidad requerido para la solicitud de inhibición, pues se necesita una actitud originada extrajudicialmente en situaciones que revistan sustancialidad para que la misma prospere. *Mun. de Carolina v. CH Properties*, 200 DPR 701, 712 (2018); *Ruiz v. Pepsico P.R., Inc.*, 148 DPR 586, 588 (1999). Específicamente, en nuestro ordenamiento jurídico: "la mera apariencia de parcialidad constituye un motivo suficiente para la inhibición o recusación de un juez", y "no basta con que el juez sea imparcial y objetivo; es preciso que lo parezca". *Mun. de Carolina v. CH Properties*, supra, pág. 713.

Ahora bien, es luego de examinar la totalidad de las circunstancias y a la luz de la evidencia presentada, que se determinará si el magistrado, en efecto, incurrió en la conducta atribuida o si existía la apariencia de prejuicio o parcialidad por parte del juez. Claro está, todo ello analizado desde la perspectiva de la figura jurídica de un "buen padre de familia". *Mun. de Carolina v. CH Properties*, supra, 713; *Ruiz v. Pepsico P.R., Inc.*, supra, a la pág. 589.

La solicitud de recusación o inhibición deberá estar jurada y expondrá los hechos específicos en que se funda. Regla 63.2 de Procedimiento Civil, *supra*. Una vez el promovido se entera sobre la existencia de una causa de inhibición, debe presentar la solicitud de inmediato al tribunal. *Martí Soler v. Gallardo Álvarez*, supra, págs. 8-9. La celeridad temporal exigida para con esta solicitud se debe a consideraciones de política pública, toda vez que está en tela de juicio la imparcialidad en la adjudicación de una controversia, elemento esencial para la ejecución de la justicia sustancial. *Martí Soler v. Gallardo Álvarez,* supra, a la pág. 9. En caso de que una parte solicite la inhibición al juez y éste rehúse inhibirse, entonces el asunto deberá referirse al Juez Administrador para que éste asigne a otro juez, quien tendrá la encomienda de determinar si procede o no la recusación. *Mun. de Carolina v. CH Properties*, supra, 711.

**B.**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *León v. Rest. El Tropical*, 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478 (2019).

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo

abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró*, 165 DPR 324, 334-335 (2005).

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González*, 149 DPR 859, 866 (1999).

**III.**

En el caso ante nuestra consideración nos corresponde determinar si el TPI erró en su discreción al declarar *no ha lugar* la solicitud de inhibición presentada por la parte peticionaria. En específico, esta arguye que el Honorable Juez Elías Rivera Fernández debió ser recusado, pues entiende que no evaluó la prueba ni determinó los hechos de manera imparcial. Añade que diversas manifestaciones del Juez antes de la presentación de cualquier evidencia tales como que "el caso era uno muy sencillo", reflejaron que tenía una actitud formada a favorecer la causa de acción de la parte recurrida e ignorar sus defensas validas. Sostiene que, además de las aludidas expresiones, diversas concesiones hacia la parte recurrida y denegatorias a la parte peticionaria que eran procedentes en derecho, motivaron que presentara la solicitud de recusación. Ante ello, esgrime que la Jueza Administradora Torres Reyes se equivocó al denegar su petitorio.

Luego de examinar con detenimiento el escrito y los documentos pertinentes a la controversia, incluyendo la Transcripción de la Conferencia Inicial celebrada el 9 de febrero de 2024, colegimos que procede denegar la expedición del auto de *certiorari* solicitado.

De las imputaciones y demás argumentos elaborados en los escritos donde la parte peticionaria planteó la alegada procedencia de la inhibición no se desprende indicio alguno de prejuicio o parcialidad. Las razones brindadas para la recusación del Honorable Juez Rivera Fernández se centraron en su insatisfacción con ciertas gestiones judiciales concernientes al manejo del caso. No se expusieron argumentos respecto a actitudes prejuiciadas o parcializadas por parte del Juez Rivera Fernández hacia alguna de las partes o sus abogados. En consecuencia, la Jueza Administradora Torres Reyes procedió correctamente al denegar la

solicitud de recusación de la parte peticionaria, decisión que está dentro del ámbito de su discreción.

Cabe señalar que, si bien las expresiones del Juez Rivera Fernández pudieran catalogarse como innecesarias o el manejo del caso pudiera calificarse como precipitado, ello no necesariamente implica parcialidad o prejuicio, tal cual alega la parte peticionaria. Aunque dicho proceder no debe predominar en los procesos judiciales, pues el Juez que preside el caso se debe caracterizar por su ecuanimidad, en este caso no se demostró que procediera su recusación.

Así, ante la ausencia de alguna de las instancias contempladas en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, procede denegar la expedición del auto de *certiorari*.

## IV.

Por los fundamentos antes expuestos, se deniega la expedición del auto de *certiorari* solicitado.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones