Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| FRANCISCO VALDÉS PÉREZ<br><br>Demandante-Peticionario<br><br>Vs.<br><br>RODOLFO OCASIO BRAVO Y OTROS<br><br>Demandados-Recurridos | KLCE202500007 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Sala: 304<br><br>Caso Núm. CG2019CV02267<br><br>Sobre: PERSECUCIÓN MALICIOSA, INTERVENCIÓN TORTICERA, Y DAÑOS Y PERJUICIOS |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 24 de enero de 2025.

Por las razones que se exponen a continuación, y prescindiendo de trámites ulteriores según autoriza la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 7(B)(5), denegamos el auto de *certiorari* aquí solicitado.

**-I-**

La parte peticionaria, el señor Francisco Valdés Pérez, argumenta que procede la inhibición del juez de primera instancia, pues le atribuye una actitud de prejuicio y parcialidad en su contra desde el inicio del caso del epígrafe. Esto por, no permitirle enmendar la demanda, levantar la rebeldía a una parte, no haber dado por admitido cierto descubrimiento de prueba, y ordenarle contratar un abogado.

La solicitud de recusación presentada fue considerada por otro juez de primera instancia. El juez concluyó la inexistencia de

prejuicio o parcialidad en las actuaciones del foro primario. La parte peticionaria solicitó la reconsideración a la determinación antes colegida, pero también fue denegada.

Inconforme, comparece la parte peticionaria, argumenta que erró el foro de primera instancia al no recusar el juez a cargo de la demanda incoada por la parte peticionaria.

Conforme adelantado, estamos en posición de resolver el recurso promovido sin ulterior trámite. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *supra*.

*-II-*

*-A-*

El auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. *Torres González v. Zaragoza Meléndez, supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC, supra*, pág. 729; *García v. Padró, supra*, pág. 334.

La Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la

Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez, supra.*

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios *evidenciarios*, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *Íd*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*-III-*

El argumento de la parte peticionaria se limita a que el Juez erró al decidir en su contra. El problema con la teoría de la parte peticionaria es que, aún bajo la premisa de que actuó erróneamente el Juez al decidir en contra de la parte peticionaria, ello, de por sí, no es fundamento para requerir o justificar la pretendida inhibición.

Para concluir que, un juez ha prejuzgado una controversia, es necesario concluir que "sus visiones personales control[a]n la adjudicación del caso, independientemente de la evidencia que se le presente y del derecho aplicable". *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 774 (2013). También ello podría concluirse si el juez actúa conforme a "valores, creencias, opiniones y concepciones personales ajenas al derecho". *Dávila Nieves v. Meléndez Marín, supra*, pág. 777. Una alegación de prejuicio no puede cimentarse en cuestiones "judiciales". *Ruiz v. PepsiCo PR*, 148 DPR 586, 588-599 (1999).

En fin, no se ha demostrado, ni del récord surge, que el Juez prejuzgara el caso en contra de la parte peticionaria sobre fundamentos ajenos al derecho.

Agregue que, en las actuaciones del foro primario, no detectamos indicio de prejuicio, parcialidad, craso abuso de discreción o error manifiesto. *Citibank v. ACBI*, 200 DPR 724, 736 (2018*); Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117,

132 (2019); Véase, *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994 (2021).

En consecuencia, no consideramos que la *Resolución* recurrida sea contraria a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra.*

Finalmente, no encontramos ninguna situación, al amparo de los restantes criterios de la Regla 40, que justifique la expedición del auto.

### -IV-

Por los fundamentos antes expuestos, que hacemos formar parte de este dictamen, *denegamos* la expedición del auto solicitado.

Por último, al amparo de la autoridad que nos confiere la Regla 35(A)(1) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R.35(A)(1)[1], el Tribunal de Primera Instancia no tendrá que esperar por la remisión del mandato para continuar con el trámite del caso de referencia.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[1] En lo pertinente, la citada regla dispone que la "expedición del auto de certiorari suspenderá los procedimientos en el Tribunal de Primera Instancia, **salvo que el Tribunal de Apelaciones disponga lo contrario**" (énfasis suplido).