ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| FRANCISCO ORSINI MALDONADO<br>RECURRIDO<br><br>v.<br><br>MERCEDES JENOURI MALDONADO<br>PETICIONARIO | TA2026CE00317 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm: GB2024RF00098<br><br>Sobre: Declaración de Incapacidad y Designación de Tutor y Otros |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 13 de abril de 2026.

Comparece ante esta Curia la señora Mercedes Jenouri Maldonado (señora Jenouri Maldonado o peticionaria) y solicita que revoquemos la determinación que consta en la *Resolución,* notificada el 4 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario).[1] Particularmente, el TPI, por voz del Juez Jaime J. Fuster Zalduoni (Juez Fuster Zalduoni), declaró no ha lugar la solicitud de recusación contra la Jueza Jeannette M. Pietri Núñez (Jueza Pietri Núñez).

Por los fundamentos que se esbozan a continuación, denegamos la expedición del auto de *certiorari* solicitado.

**I.**

El señor Francisco Orsini Maldonado (señor Orsini Maldonado o recurrido) instó la demanda de epígrafe, sobre petición de incapacidad, solicitud de designación de administrador y partición de herencia, contra la señora Jenouri Maldonado.[2]

---

[1] Entrada Núm. 159 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.
[2] *Íd.*, Entrada Núm. 1.

Superados múltiples incidentes procesales[3] y, en lo pertinente a la causa ante nos, el 2 de diciembre de 2025, la peticionaria presentó una solicitud de inhibición contra la Jueza Pietri Núñez.[4] Alegó que, el 14 de noviembre de 2025, la señora Jenouri Maldonado radicó una queja por presunta violación a las normas de ética judicial[5] que impide a la Jueza Pietri Núñez continuar con sus funciones judiciales de manera imparcial en este caso. Por ello, solicitó la inhibición de la Jueza Pietri Núñez, al amparo de la Regla 63.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 63.1.

Evaluado lo anterior, la Jueza Pietri Núñez declaró no ha lugar el petitorio y refirió el asunto ante la atención de la Jueza Administradora quien, en cumplimiento con el trámite de rigor, lo refirió al Juez Fuster Zalduondo para su adjudicación en los méritos.[6] Tras efectuar el análisis correspondiente y concluir que la petición no cumplió con las exigencias expuestas según el marco de derecho vigente, el TPI denegó la solicitud de inhibición según presentada.

Inconforme, la peticionaria imploró al foro primario reconsiderar su dictamen.[7] Al no prosperar en su intento de reconsideración[8] y aun en desacuerdo, el 15 de marzo de 2026, la peticionaria acude ante esta Curia y señala lo siguiente:

> Erró el TPI al declarar no ha lugar la Moción solicitando la urgente inhibición de la Juez Jeannette M Pietri Núñez del caso GB2025RF00098 incoada por el Peticionaria Recurrida bajo el fundamento de no cumplir con los requisitos legales exige la ley.

> Erro el Tribunal y abusó de su discreción al declarar no ha lugar la Moción de Reconsideración de la resolución dictada y, sin fundamento legal pertinente que valide lo ordenado, todo esto en un claro abuso de discreción que invita a esta Augusta Curia a revisar lo rogado.

---

[3] Véase en particular *Resolución* emitida el 10 de septiembre de 2025 en el recurso TA2025CE00359, así como el dictamen emitido el 9 de diciembre de 2025 en el recurso TA2025CE00741.

[4] Entrada Núm. 146 en el SUMAC del Poder Judicial.

[5] Surge del *Formulario de Queja contra Jueces y Juezas del Tribunal de Primera Instancia y del Tribunal de Apelaciones* anejada al expediente que, la señora Jenouri Maldonado le imputó parcialidad a las determinaciones de la Jueza Pietri Núñez en el caso de autos, debido a la relación de parentesco de la representación legal del recurrido, el licenciado Mario Oronoz Rodríguez, con la Jueza Presidenta del Tribunal Supremo. *Íd.*, Entrada Núm. 4.

[6] *Íd.*, Entrada Núm. 147.

[7] *Íd.*, Entrada Núm. 163.

[8] *Íd.*, Entrada Núm. 164.

Junto a su recurso incoó una *Moción en auxilio de jurisdicción.* Evaluado lo antes, el 16 de marzo de 2026, emitimos una *Resolución* en la cual denegamos la solicitud en auxilio de jurisdicción y concedimos un término al recurrido para exponer su posición. En cumplimiento con nuestro requerimiento, el 26 de marzo de 2026, el señor Orsini Maldonado comparece mediante una *Oposición a petición de certiorari.* En suma, expuso que, la recusación presentada por la peticionaria carece de fundamentos específicos por lo que no procede revertir el dictamen recurrido.

Con el beneficio de las posturas de ambas partes, procedemos a resolver.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Allio v. Santiago Chardón,* 2026 TSPR 13; *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023).

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994, 1004 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla

56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. Regla 52.1 de las Reglas de Procedimiento Civil, *supra.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG,* 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314, 337 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F)  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

## B. La Recusación Judicial

En aras de promover la política pública de ofrecer a todo ciudadano el derecho a que su causa sea ventilada sin prejuicio alguno por parte del magistrado competente, la Regla 63.1 de Procedimiento Civil, 32 LPRA Ap. V. R. 63.1, enumera las causas por las cuales un juez o jueza deberá inhibirse de intervenir en un pleito.  Al respecto y en lo aquí pertinente, el estatuto dispone como sigue:

> A iniciativa propia, o a recusación de parte, un juez o jueza deberá inhibirse de actuar en un pleito o procedimiento en cualquiera de los casos siguientes:
>
> (a)  Por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito o por haber prejuzgado el caso;
>
> […]
>
> (j) por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia. 32 LPRA Ap. V, R. 63.1.

Por su parte, la Regla 63.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 63.2, esboza las normas inherentes al perfeccionamiento de una solicitud de inhibición o recusación, así como el proceso a seguir una vez se presenta la misma.  En específico, reza como sigue:

(a) Toda solicitud de recusación será jurada y se presentará ante el juez o jueza recusado(a) dentro de veinte (20) días desde que la parte solicitante conozca de la causa de la recusación. La solicitud incluirá los hechos específicos en los cuales se fundamenta y la prueba documental y declaraciones juradas en apoyo a la solicitud. Cuando la parte promovente de la recusación no cumpla con las formalidades antes señaladas, el juez o jueza podrá continuar con los procedimientos del caso.

(b) Una vez presentada la solicitud de recusación, si el juez o jueza recusado(a) concluye que procede su inhibición, hará constar mediante resolución escrita los incisos (a) a (i) de la Regla 63.1 de este apéndice aplicable, en su defecto, la razón específica para su inhibición bajo el inciso (j) y la notificará a todas las partes. El caso será asignado a otro juez o jueza.

(c) Si el juez o jueza concluye que no procede su inhibición, se abstendrá de continuar actuando en su capacidad de juez o jueza en el caso y remitirá los autos del mismo al juez administrador o jueza administradora para la designación de un juez o jueza que resuelva la solicitud de recusación. La recusación se resolverá dentro del término de treinta (30) días de quedar sometida.

(d) Una vez un juez o jueza haya comenzado a intervenir en un caso, no podrán unirse al caso los abogados o abogadas cuya intervención pueda producir su recusación. 32 LPRA Ap. V, R. 63.2.

De otra parte, procede señalar que los Cánones 8 y 20 (i) de Ética Judicial, 4 LPRA Ap. IV-B, atienden lo que constituye la "apariencia de imparcialidad judicial". Al respecto, el Canon 8 establece que la conducta de los jueces ha de excluir la posible apariencia de que son susceptibles de actuar por influencias. 4 LPRA Ap. IV-B, C. 8.

Del mismo modo, el Canon 20 (i), dispone que los jueces deberán inhibirse por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia. 4 LPRA AP. IV-B, C. 20 (i). La parcialidad aducida a fin de que un juez no intervenga en determinado asunto debe ser en el ámbito personal. *Mun. de Carolina v. CH Properties*, 200 DPR 701, 712 (2018). La solicitud de inhibición judicial se circunscribe por los

principios de buena fe, abuso de derecho e incuria, por lo que una solicitud de recusación debe apoyarse en hechos comprobables, a la luz de la totalidad de las circunstancias. *Mun. de Carolina v. CH Properties*, supra; *Martí Soler v. Gallardo Álvarez,* 170 DPR 1 (2007).

La jurisprudencia vigente reconoce que, la mera presentación de una querella contra un juez no logra la recusación automática del magistrado. Aun así, los jueces deben evaluar las circunstancias adicionales existentes, que en conjunto circunscriban un escenario en que su imparcialidad pueda ser cuestionada. Esto, sin embargo, no puede ser utilizado como subterfugio para lograr la inhibición de un juez o la recusación automática. S. Steidel Figueroa, *Ética para juristas: Ética Judicial y Responsabilidad Disciplinaria*, 1ra ed., San Juan, Ediciones SITUM, págs. 241-242; *Mun. de Carolina v. CH Properties*, supra, pág 713.

### III.

En el presente recurso, la peticionaria aduce que, el foro primario incidió al denegar la solicitud de inhibición instada con el fin de que se decretara la recusación de la Honorable Jueza Jeannette M. Pietri Núñez en el caso de epígrafe. Arguye que, pendiente la adjudicación de una queja por presuntas violaciones a los cánones de ética judicial, se sostienen sus cuestionamientos sobre la imparcialidad de la Jueza obligando así su recusación de forma inmediata.

Al entender sobre la causa, surge que, el foro primario justipreció la solicitud de recusación de la peticionaria, ante la negativa de inhibición de la Jueza Pietri Núñez. Mediante el referido dictamen, el TPI dispuso que, la solicitud de inhibición incumple con las disposiciones de la Regla 63.2 de Procedimiento Civil, *supra*, por carecer de hechos específicos y evidencia fehaciente que la fundamente. Por ello y según lo establecido en la normativa vigente, la mera incomodidad de una parte con un magistrado e, incluso, la presentación de una querella no justifica apartar inmediatamente al

juzgador de la consideración de un litigio. En su dictamen, el TPI hizo referencia a lo resuelto por el Tribunal Supremo en *Ruiz v. Pepsico P.R., Inc.*, 148 DPR 586 (1999), *Mun. de Carolina v. CH Properties*, 200 DPR 701 (2018), así como R. Hernández Colón, <u>Prácticas Jurídicas de Puerto Rico: Derecho Procesal Civil</u>, 6ta Ed, San Juan, Ed Lexis Nexis, 2017, pág. 324, entre otros, para sostener su apreciación sobre la solicitud ante su consideración.

Hemos evaluado sosegadamente el pronunciamiento judicial a la luz de los argumentos expuestos en el recurso interpuesto ante nos, la correspondiente oposición, así como los documentos que obran en el expediente y determinamos no expedir el auto solicitado.

No identificamos un factor determinante que nos obligue a ejercer nuestra discreción a los fines de revertir el dictamen impugnado según los parámetros establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Colegimos que, la peticionaria no nos ha puesto en posición para determinar que, el TPI haya actuado de forma arbitraria, caprichosa, o haya abusado de su discreción o cometido algún error de derecho al denegar la solicitud de recusación instada por la peticionaria.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari* según presentado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones